STATE of Iowa, Appellee,

v.

Kevin Montgomery THOMAS, Appellant.

No. 95–1140.

Supreme Court of Iowa.

March 26, 1997.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Clinton L. Spurrier, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

CARTER, Justice.

After a bench trial, defendant, Kevin Montgomery Thomas, was convicted of the offenses of possession of crack cocaine with intent to deliver and failure to attach a drug tax stamp. On appeal, he argues that the State failed to present sufficient evidence to support those convictions. The court of appeals affirmed, and we granted further review. After considering the arguments presented and reviewing the record made below, we conclude the evidence was insufficient to support a finding that defendant possessed the illegal substance on which the prosecution was based. This conclusion requires a reversal of both the controlled-substance conviction and the tax-stamp conviction. Consequently, we vacate the decision of the court of appeals and reverse the judgment of the district court.

## I. *Background.*

On January 27, 1995, defendant was one of five persons present at a Sioux City apartment when police executed a search warrant. The others were Bessie Hayes (in whose name the apartment was rented), Dixie Murphy, Duane Adams, and Keith Mayhan. The warrant was obtained based on information provided by a confidential informant who had indicated that drugs could be found at the apartment in question, as well as five people: Hayes, Murphy, Adams, Mayhan, and an unnamed fifth person who had recently arrived from California. Hearsay testimony was received without objection at defendant's trial concerning these statements of the informant in the search warrant application.

In the process of executing the search warrant, the police arrested all five persons present in the apartment. Defendant's exact whereabouts within the apartment at the time of his arrest is unclear. In an extensive search of both the apartment and a red 1984 Datsun automobile parked outside, they found what appeared to be crack cocaine inside the Datsun's tool compartment. A similar substance was found in two black magnetic key holders placed on a ledge outside the apartment's kitchen window. The screen had been ripped open so that the key holders were easily accessible from within the apartment.

Officers conducted preliminary field tests, which indicated that the substance seized was crack cocaine. Later tests by the state crime laboratory at Des Moines confirmed these results. The substance taken from the Datsun weighed seventeen grams. The substance secreted in the key holders weighed 5.36 grams. Police testified that this quantity of crack cocaine is almost never held for personal consumption.

A Sioux City police officer testified that magnetic key holders are frequently used by drug dealers because they are easily disposed of and easily concealed. One of the key holders seized had three letters or initials, all Ks, scratched into its black enamel. Three of the persons arrested used a name beginning with the letter K: defendant, Keith Mayhan, and Duane Adams, whose nickname is "Killer."

Police seized other items from the Hayes apartment: a hand scale, of a type commonly used to weigh drugs; a marijuana pipe; a beer can punctured with small holes that had been used to smoke crack cocaine; a pair of men's shoes, each containing $2000 in cash; and a large quantity of stolen goods. Only the marijuana pipe was in plain view within the apartment.

When police searched Keith Mayhan, they found a small bag of marijuana, rolling papers for making marijuana cigarettes, and $223 in cash. They also found a copy of a Western Union money wire receipt, showing that defendant, or someone using his name, had transferred $1860 to someone else that same day. Mayhan also had a digital pager in his possession. Testimony at trial indicated that pagers are used by drug dealers to keep in touch with their customers. When the police searched Duane Adams, they found $483 in cash, a California identification card, and a postal receipt indicating that he had mailed two ounces of an unknown substance to an address in California.

Evidence at trial indicated that a large amount of the crack cocaine distributed in Sioux City comes from either California or Texas. Three of the five people arrested at the apartment were from California, including defendant. None of the five persons arrested were employed. The State offered no evidence that defendant was living in the apartment. No controlled substances or drug paraphernalia were found on his person, and he only possessed $5.30 in cash.

On February 6, 1995, defendant was charged with possession of crack cocaine with intent to deliver, failure to affix a drug tax stamp, and second-degree theft. On April 7, the State amended the trial information to also allege that he was a habitual offender. Defendant waived his right to a jury trial. At the close of the State's evidence, the State and defendant stipulated, for purposes of the habitual offender statute, that he had previously been convicted for simple possession of crack cocaine in California. Over defendant's objection, the State also introduced that conviction as part of its case-in-chief. After defendant rested without offering evidence, he was found guilty of possession with intent to deliver and failure to attach the drug tax stamp. He was found not guilty of second-degree theft. The trial court found that defendant had been in constructive possession of the crack cocaine found in the key holders, but that the State had not established that he was in possession of the crack cocaine found in the Datsun. Other pertinent facts will be noted in our discussion of the legal issues presented.

## II. *Standard of Review.*

■ We review sufficiency-of-evidence challenges for correction of errors at law. *State v. Randle*, 555 N.W.2d 666, 671 (Iowa 1996). The trial court's findings of guilt are binding on appeal if supported by substantial evidence. Iowa R.App.P. 14(f)(1). If a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt, the evidence is substantial. *State v. Robinson*, 288 N.W.2d 337, 341 (Iowa 1980). The evidence is reviewed "in the light most favorable to the State, 'including all legitimate inferences and presumptions which may be

fairly and reasonably deduced from the ... record.'" *State v. Simpson*, 528 N.W.2d 627, 632–33 (Iowa 1995) (quoting *State v. Liggins*, 524 N.W.2d 181, 186 (Iowa 1994)). We consider all evidence, not just that of an inculpatory nature. *Randle*, 555 N.W.2d at 671. Evidence that raises only "suspicion, speculation, or conjecture" is *not* substantial evidence. *Id.* (quoting *State v. Barnes*, 204 N.W.2d 827, 829 (Iowa 1972)).

## III. *Error Preservation.*

■ The State argues that defendant failed to preserve error because he failed to move for a judgment of acquittal at the close of the State's evidence. In *State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997), filed this date, we hold that in jury-waived criminal trials such a motion is not necessary to preserve sufficiency-of-evidence challenges for appellate review. We are governed by *Abbas* and will consider the appeal on the merits.

## IV. *Discussion.*

■ The trial court found defendant was in constructive possession of the crack hidden outside the kitchen window. The State argues that this is a reasonable inference based on the following nine factors:

1. Presence of defendant at the apartment.

2. Presence of crack cocaine at the apartment.

3. Presence of money at the apartment.

4. The Western Union transfer in defendant's name.

5. Defendant's recent arrival from California.

6. The presence of two others from California.

7. Defendant had no "legitimate" source of income.

8. Defendant's prior knowledge of crack cocaine, as shown by his prior conviction for simple possession of crack cocaine.

9. The crack cocaine was concealed inside a key holder marked with three initials "K."

According to the State, although each of these pieces of evidence would itself be insufficient to support the verdicts below, together they achieve critical mass and support a finding of possession. We disagree. Although the circumstances relied on by the State may raise a suspicion that defendant was involved with drug-related activities and had some relationship with the possessor of the crack cocaine found on the window ledge, it falls considerably short of establishing that he was the possessor of that substance at the time and place alleged in the trial information.

In order to establish defendant's constructive possession of the substance on the window ledge, it was necessary for the State to show that he either was in such close proximity to the substance as to be able to claim immediate dominion over it or "maintain[ed] or closely share[d] exclusive dominion over the premises where the substance [was] found." *State v. Parrish*, 502 N.W.2d 1, 3 (Iowa 1993) (quoting *State v. Rudd*, 454 N.W.2d 570, 571 (Iowa 1990)). The circumstances on which the State relies fall considerably short of showing that either of these situations existed. Nor does the evidence support a finding that defendant conspired to possess the controlled substance as was the situation in *Parrish*, 502 N.W.2d at 3–4. The evidence does not support the conviction for possession with intent to distribute, and consequently, that conviction must be reversed. Because the tax stamp conviction is also dependent on defendant's possession of the illegal substance, that conviction must also be reversed.

We vacate the decision of the court of appeals and reverse the judgment of the district court with respect to each of defendant's convictions. The case is remanded to that court for entry of judgments of acquittal.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED.**