**Earl V. FULLENWIDER, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 02–0090.**

Supreme Court of Iowa.

Jan. 22, 2004.

Kent A. Simmons, Davenport, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, William E. Davis, County Attorney, and Jerald Feuerbach, Assistant County Attorney, for appellee.

LARSON, Justice.

Earl Fullenwider was convicted of possession with intent to deliver controlled substances, possession of a firearm as a felon, failure to affix tax stamps, and enhancement of his penalty for possession of a firearm while possessing controlled substances. The court of appeals affirmed his convictions on direct appeal, and Fullenwider applied for postconviction relief. His postconviction application was denied, and he appealed. The court of appeals affirmed the denial, and we granted further review. We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand.

## I. *Facts and Prior Proceedings.*

Following police surveillance of an apartment occupied by Brandy Johnson and her daughter, the police executed a search warrant for the apartment. They found a digital scale, crack cocaine, and Fullenwider—in bed with Johnson. The police also found a gun under Fullenwider's side of the bed, although they found no fingerprints on it. The cocaine was in a plastic bag on a chair, still wet, and the

bag together with the scale was pushed under a table in the kitchen. LaShawn Williams, who is not involved in this case, was lying on the floor five or six feet from the cocaine. Johnson told the police that she and her daughter were the only people occupying the apartment and that all of the contents of the apartment belonged to her. Fullenwider, however, admitted that a cell phone found on the table immediately above the drugs was his. Testimony suggested the cocaine, which was still wet, had been manufactured one and one-half to two hours before the search.

The police surveillance had revealed that Fullenwider was a frequent visitor to the apartment building where Johnson lived. However, the search revealed no evidence that Fullenwider actually lived there. The police found no paperwork to tie him to the apartment and found no items of clothing (except the clothes by his side of the bed) or other personal items belonging to Fullenwider.

Fullenwider and Johnson were tried jointly for possession of cocaine with intent to deliver and failure to affix a tax stamp. Fullenwider was also charged with being a felon in possession of a firearm, and the State sought an enhanced penalty on the drug offenses because of the presence of the gun. Prior to trial, Fullenwider rejected a plea agreement that would have limited his total sentence to an indeterminate term of forty years. After the first day of trial, Fullenwider changed his mind and decided to accept the previously offered agreement. The court, however, refused to approve the plea agreement at that stage.

Fullenwider was convicted on all charges. Because he was convicted of a class "B" felony subject to a firearm enhancement, the court sentenced him to fifty years. *See* Iowa Code § 124.401(1)(*e* ) (1995). This sentence was then doubled because Fullenwider was a repeat offender. *See* Iowa Code § 124.411(1). Fullenwider was also sentenced to two indeterminate, five-year terms, based on two class "D" felonies, with all terms to run concurrently. Fullenwider lost all subsequent challenges in the court of appeals and in his postconviction proceeding.

## II. *Principles Underlying Ineffective–Assistance–of–Counsel Claims.*

This appeal is based on Fullenwider's claims of ineffective assistance of counsel, based on trial and appellate counsel's failure to (1) make an adequate record on the district court's rejection of the plea agreement, (2) challenge the sufficiency of the evidence of cocaine possession, (3) raise a federal due process claim, (4) object to a jury interrogatory, (5) object to certain jury instructions, and (6) object to the court's consideration of impermissible sentencing factors. We do not address all of the issues raised because some of them are rendered moot by our disposition of the case on other grounds.

Our review of an allegation of ineffective assistance of counsel is de novo. *State v. Bergmann,* 600 N.W.2d 311, 313 (Iowa 1999). To establish a claim of ineffective assistance, the applicant must show (1) the attorney failed to perform an essential duty in representing the defendant and (2) prejudice resulted. *State v. Ceaser,* 585 N.W.2d 192, 195 (Iowa 1998). To prove a breach of an essential duty, the applicant faces a strong presumption that the performance of counsel falls within a wide range of reasonable professional assistance. *State v. Hepperle,* 530 N.W.2d 735, 739 (Iowa 1995). We will not second-guess reasonable trial strategy. *State v. Wissing,* 528 N.W.2d 561, 564 (Iowa 1995).

The second prong of the ineffective-assistance test, prejudice, is shown if

the applicant establishes a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).

### III. *The Plea Agreement.*

Fullenwider's first ineffective-assistance claim is based on his attorney's alleged failure to make a record on the trial court's refusal to approve a plea agreement on the second day of trial. Specifically, Fullenwider contends his trial attorney should have introduced evidence that the court's decision was based on a firm policy in that district that plea agreements must be presented during the week prior to trial. He claims the court's ruling was invalid under *State v. Hager,* 630 N.W.2d 828, 835–36 (Iowa 2001) (firm policy of rejecting plea agreements after specified time held to constitute abuse of discretion). (The State asks us in this appeal to modify or overrule *Hager;* however, we decline to do so.)

The State responds that Fullenwider's trial counsel did not breach his professional duty in representing Fullenwider because *Hager* was not decided until well after Fullenwider's trial. Fullenwider counters that the principles of law adopted in *Hager* were well established before *Hager* was decided.

█ We conclude Fullenwider's trial counsel did not breach a professional duty in failing to anticipate the *Hager* ruling. As we noted in *Hager,* the courts around the country are split on the issue of applying plea-deadline rules. *See id.* at 834. The dissent in *Hager* characterized the holding of the majority opinion to be part of the "distinctly *minority* view concerning modern court administration." *Id.* at 838 (Neuman, J., dissenting). Fullenwider's counsel was not bound to anticipate future rulings by this court when those rulings

are not reasonably predictable. *See Hepperle,* 530 N.W.2d at 740; *State v. Ogilvie,* 310 N.W.2d 192, 197 (Iowa 1981).

Even if Fullenwider's trial counsel was bound to anticipate the holding of *Hager,* this case is distinguishable from *Hager.* In *Hager* the defendant attempted to enter a guilty plea before trial, while Fullenwider waited until most of the State's evidence was in the record before he decided to accept the plea agreement. Adoption of Fullenwider's argument on this point would approve a rule allowing a defendant to wait to see how strong the case is against him before he makes a decision to plead.

Presumably, one of the factors motivating the State to compromise the charges is to avoid the problems in getting its evidence accepted by the court. Once the evidence is presented to the jury, the defendant has lost part of his bargaining power, and the State has lost part of its incentive to offer the plea bargain. This could be deemed to be "more ... manipulation than justice." *Hager,* 630 N.W.2d at 838 (Neuman, J., dissenting).

### IV. *The Possession Issues.*

Three issues are raised challenging the sufficiency of the evidence of possession of the gun and the controlled substance. Fullenwider's alleged possession of a gun bears on two of his convictions: possession of a firearm by a previously convicted felon and possession of a firearm as an enhancement to possession of drugs. A third possession issue involves sufficiency of the evidence of possession of the controlled substance itself. We discuss all of the possession issues together.

█ Fullenwider's trial counsel moved for judgment of acquittal at the conclusion of the State's case, based on insufficiency of the evidence of possession. His attor-

ney claimed that Fullenwider's mere presence at the scene was insufficient to establish possession of any of the items. Fullenwider's motion was overruled, and he was convicted. His attorney on direct appeal challenged the sufficiency of the evidence regarding possession of the gun, but he did not challenge sufficiency of the evidence as to the controlled substance. The attorney testified at the postconviction hearing that he did not raise the issue because he thought it had little chance of success. We agree with Fullenwider that his counsel breached a professional duty in failing to raise the sufficiency of the evidence on possession.

In *State v. Reeves,* 209 N.W.2d 18 (Iowa 1973), we considered for the first time what constitutes possession for purposes of applying our drug-possession statutes. *Reeves,* 209 N.W.2d at 21. In that case, we adopted this test to establish possession:

[I]n determining the sufficiency of the evidence to support a conviction for possession of . . . drugs, precedents of other jurisdictions relating to possession of narcotics express the following relevant principles of law:

(1) Unlawful possession of narcotics is established by proof:

(a) that the accused exercised dominion and control (i.e., possession) over the contraband,

(b) that he had knowledge of its presence, and

(c) that the accused had knowledge that the material was a narcotic.

(2) These necessary elements of unlawful possession may be established by circumstantial evidence and any reasonable inferences drawn from such evidence.

(3) Proof of opportunity of access to a place where narcotics are found will not, without more, support a finding of unlawful possession.

(4) But dominion and control . . . by the accused over the narcotic does not mean the narcotic needs to be found on his person nor does it mean that he must have had sole and exclusive use of the premises on which drugs are found.

(5) Constructive possession is all that is necessary and occurs when the accused maintains control or a right to control the narcotic; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another.

(6) If the premises on which the drugs are found are exclusively accessible to the accused and subject to his use, possession or control, knowledge of their presence on such premises . . . coupled with his ability to maintain dominion and control . . . may be inferred.

(7) Even if the accused does not have exclusive control of the hiding place possession may be imputed if he has not abandoned the narcotic and no other person has obtained possession.

(8) Knowledge of the narcotic character . . . of the drug, as well as of their presence . . . may be shown by the conduct, behavior and declarations of the accused.

*Id.* at 21–22.

*Reeves* remains good law today, despite the fact we have created some confusion surrounding its test for possession of contraband. In *State v. Simpson,* for example, we said possession is established

when the defendant maintains control or has a right to control the place where the controlled substance was found [and] may be inferred when the substance is found in a place which is accessible to the defendant and is subject to his do-

minion and control, or the joint dominion and control of the defendant and another.

528 N.W.2d 627, 631 (Iowa 1995).

Fullenwider argues that his appellate counsel was ineffective in failing to challenge the sufficiency of the evidence of possession, contending the nexus between Fullenwider and the contraband and gun is insufficient. Despite the apparently relaxed requirements of *Simpson,* Fullenwider argues that his appellate attorney should have argued *Reeves* and should have been aware of *State v. Thomas,* 561 N.W.2d 37 (Iowa 1997), which imposed a more stringent test for possession than that of *Simpson.* (*Thomas* was filed while Fullenwider's appeal was pending; he contends his appellate counsel was ineffective in failing to file a supplemental brief to alert the court of appeals to the *Thomas* case.) The State, on the other hand, contends *Simpson* and its less stringent test for possession controlled at the time of trial, and Fullenwider's attorney was not ineffective in failing to object to the sufficiency of the evidence.

■ We need not decide whether the *Simpson* or the *Reeves* and *Thomas* line of cases controlled here. Even under the more relaxed rule of *Simpson,* the State failed to establish the control of the premises required by *Simpson.* Under *Simpson* possession is established if contraband is found where the defendant had the right to control the premises or in a place which is accessible to the defendant and is subject to his dominion and control—or joint dominion and control with another. *Simpson,* 528 N.W.2d at 631.

Even when the evidence is considered in the light most favorable to the State, we believe the State failed to show the necessary control of the premises or the contraband itself as required by *Simpson.* While police officers had the apartment under surveillance, they observed Fullenwider only on a few occasions going into the apartment building. Brandy Johnson's apartment was only one of several in the building, and the officers could not establish that Fullenwider had gone into this specific apartment on other occasions. The apartment was rented to Johnson and occupied by her and her daughter on a full-time basis. There was no indicia of any control of the premises on the part of Fullenwider. The officers' search for evidence linking Fullenwider to the apartment failed to reveal any items of personal property such as clothes, except those lying beside him while he slept with Johnson, or any other items of personal possession such as even a toothbrush. The gun, which was found under the bed, was out of Fullenwider's sight, and there were no fingerprints on it.

■ We agree with the State that it is logical to conclude, based partly on the fact Fullenwider's cell phone was placed near the drugs, that he knew the methamphetamine was in the apartment. However, mere knowledge of the presence of contraband is insufficient, even under *Simpson,* to show possession. We conclude that the State failed to establish the necessary control over the premises on which the contraband and gun were found or the items themselves to establish constructive possession. We therefore reverse all of the convictions and remand for dismissal of the case.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except Cady, J., who dissents, and Wiggins, J., who takes no part.

CADY, Justice (dissenting).

For the reasons outlined in my dissent in *State v. Bash*, 670 N.W.2d 135, 139–41 (Iowa 2003) (Cady, J., dissenting), I respectfully dissent from division IV of the court's opinion.