## IN THE COURT OF APPEALS OF IOWA

No. 12-1810
Filed July 16, 2014

**CARL GENE GARNICA,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

  Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

  Carl Garnica appeals following the district court's denial of his application for postconviction relief. **AFFIRMED.**

  Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant.

  Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee State.

  Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Carl Garnica appeals following the district court's denial of his application for postconviction relief.  Of seven distinct allegations of ineffective assistance of trial counsel presented to the district court, Garnica brings three for our review on appeal: first, that trial counsel's motion for a directed verdict of acquittal failed to preserve what would otherwise have been an appealable issue; second, that trial counsel failed to move for a mistrial based on prosecutorial misconduct; and third, that trial counsel failed to sufficiently investigate the case.  After a careful review of the record, we are persuaded that the district court's disposition on these assertions was correct, and we affirm.

### I. Factual and Procedural Background

On January 6, 2009, Garnica went to trial on two counts of sexual abuse in the second degree as to two different alleged victims.  Defense counsel collected names and contacted potential witnesses while preparing the case for trial.  Counsel did not depose the State's witnesses.  The jury acquitted Garnica on the count involving the first alleged victim and convicted on the count involving the second alleged victim.

During the trial, the State presented as a witness a social worker who was a counselor for the alleged victim in the first charge.  During the witness's testimony, defense counsel raised several hearsay objections.  The district court sustained the first objection and directed the State to lay sufficient foundation for any testimony offered as a hearsay exception.  Defense counsel continued to object, but the court overruled several of those objections as the State continued to develop the testimony.

Following the State's case in chief, Garnica's trial counsel moved for a directed verdict of acquittal "on the grounds that there is not substantial evidence in the record from which a rational fact finder could find guilt beyond a reasonable doubt. That motion [was] made with respect to both counts." Counsel stated in addition, "[T]here is not sufficient or substantial evidence in the record from which a juror could find beyond a reasonable doubt that, if they believe abuse occurred with respect to [the second count], that abuse occurred prior to the twelfth birthday of the child."

After sentencing, Garnica appealed, and this court affirmed his conviction. *State v. Garnica*, No. 09-0370, 2010 WL 446521, at *1 (Iowa Ct. App. Feb. 10, 2010). He later filed an application for postconviction relief based on seven theories of ineffective assistance of trial counsel. The district court denied the application on September 13, 2012. Garnica now appeals the denial of three of his asserted bases for relief.

**II. Scope and Standard of Review**

We review postconviction proceedings for errors at law, but we review claims of ineffective assistance of counsel de novo. *Collins v. State*, 588 N.W.2d 399 (Iowa 1998).

**III. Discussion**

For Garnica to succeed on his ineffective-assistance-of-counsel claims, he must establish both that his trial counsel failed to perform an essential duty and that he was prejudiced as a result. *See State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). The first element, failure to perform an essential duty, is satisfied only if counsel performed below the standard of a reasonably competent

attorney. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "We presume the attorney performed competently, and the applicant must present an affirmative factual basis establishing inadequate representation." *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008). "We will not second-guess reasonable trial strategy." *Fullenwider v. State*, 674 N.W.2d 73, 75 (Iowa 2004).

Garnica must also show that any failure to perform an essential duty caused him prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 695 (1984)). This prong requires that counsel's error undermine our confidence in the outcome of the criminal trial. *Id.*

*A. Deficient Motion for Acquittal.* Garnica first asserts that his trial counsel's motion for a directed verdict of acquittal was not specific enough to preserve the issue of sufficiency of the evidence for appeal. However, we agree with the district court that the language of counsel's motion at least implied there was insufficient evidence as to the occurrence of the offending act.

Counsel made his motion based on insufficient evidence as to both counts. The motion alleged *in the alternative*—and as to the second count only—that there was insufficient evidence of the age of the alleged victim even if the jury found that the act had occurred. By negative inference, counsel's *primary* objection was to the sufficiency of the evidence of the offending acts. Therefore, the issue was in fact preserved for appeal despite the alleged lack of specificity because "we recognize an exception to the general error-preservation rule when the record indicates that the grounds for a motion were obvious and

understood by the trial court and counsel." *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005). Therefore, the district court was correct to conclude that counsel did not breach a duty in his motion for a directed verdict and that Garnica suffered no prejudice from it.

*B. Failure to Move for a Mistrial for Prosecutorial Misconduct.* Garnica next alleges counsel failed to make a pivotal motion for a mistrial based on prosecutorial misconduct during the State's direct examination of the social worker. However, counsel voiced several objections throughout the testimony of the social worker, some of which the district court sustained and some of which it overruled. As a result of the objections, the State withdrew any impermissible questions and went on to lay sufficient foundation to render the evidence admissible. Counsel was under no duty to move for a mistrial under these circumstances. Additionally, the witness in question testified only with regard to the alleged victim in the first count of the trial information. Garnica was acquitted on that count, which undermines his contention that the testimony was inherently prejudicial.

*C. Failure to Investigate.* Garnica lastly alleges that trial counsel failed to sufficiently investigate the case. He predicates this assertion on three facts: first, that counsel conducted no formal discovery, *i.e.* depositions; second, that counsel did not speak with Judy Anthony, Garnica's girlfriend at the time of the alleged abuse, about testifying; and third, that counsel did not call Mary Davis, Garnica's girlfriend at the time the allegations were made, as a witness for the defense. However, at the postconviction hearing in the district court, trial counsel provided cogent and reasonable strategic justifications for conducting the trial

without taking these steps, negating Garnica's claim that counsel failed an essential duty.

First, as to formal discovery, trial counsel explained that deposing the State's witnesses can alert the State to holes in its case, and counsel preferred to expose those holes in front of the jury. He also noted that deposing the State's witnesses may compromise his ability to negotiate favorable plea agreements and that deposition testimony may come into the trial record if the State's witnesses become unavailable. He therefore chose not to conduct formal discovery.

Second, regarding Judy Anthony, the record shows that Anthony was difficult and uncooperative with counsel. Trial counsel attempted to reach out to her on multiple occasions, but she failed to respond. She testified at the postconviction trial that she attempted to return counsel's calls only one time and failed to reach him. Anthony's failure to cooperate will not render counsel's assistance ineffective. Additionally, it is unclear how Anthony's testimony would have assisted the defense, since part of Garnica's theory of the case was that Anthony herself helped orchestrate the allegations of sexual abuse with the alleged victims.

Lastly, regarding Mary Davis, counsel testified that he had been in contact with her about the case and had discussed the existence of other witnesses with her. He elected not to call Davis to the stand because her testimony would have been cumulative. Any new evidence she could have added to the record would have amounted to character evidence, which would have opened the door for rebuttal witnesses from the State.

The record shows that defense counsel did sufficiently investigate the case to provide effective assistance of counsel. The facts allegedly amounting to a failure to investigate were reasonable trial strategy determinations. Trial counsel did not fail to perform any duty owed to Garnica, and Garnica was not prejudiced by any of counsel's strategic decisions.

**IV. Conclusion**

Garnica has failed to persuade us that his trial counsel was ineffective. The language of counsel's motion for a directed verdict was sufficient, the decision not to move for mistrial based on prosecutorial misconduct was reasonable, and counsel adequately investigated the case. We affirm the district court's denial of postconviction relief.

**AFFIRMED.**