## IN THE COURT OF APPEALS OF IOWA

No. 15-0557
Filed March 23, 2016

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**ISIAC JOSEPH BROWN,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Woodbury County, Timothy T. Jarman, District Associate Judge.

       A defendant appeals following his conviction for fourth-degree theft, challenging the sufficiency of the evidence to support his conviction. **AFFIRMED.**

       Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

       Isiac Joseph Brown, appellant pro se.

       Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

       Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Isiac Brown was found guilty of theft in the fourth degree following a bench trial. He was sentenced to serve 180 days in the county jail. He appeals, claiming the district court's findings of fact do not support his conviction.[1]

At trial, the victim testified as to the value he placed on three firearms Brown had stolen.[2] In the findings of fact, the district court stated the victim's testimony was unclear as to the basis of his valuations on the firearms. In addition, the court noted the victim testified one of the firearms did not work very well, but the victim still thought it was worth $500. Because of the lack of clarity on how the victim assigned the value to the firearms, the court stated it was "unwilling to find that the State established, beyond a reasonable doubt, that the combined value of all of the stolen property is in excess of $500, as needed to prove theft in the third degree. However, the court has no doubt that the value of the property exceeds $200."[3] The court went on to state: "[E]ven discounting [the victim's] estimates by half, the total combined value of the stolen items far

---

[1] Three days before this case was transferred to this court, Brown filed a pro se "amendment to appellant's brief," claiming he was not "mirandized" when he was arrested and his trial counsel was ineffective. He also raises claims of due process violations and violations of equal protection. Brown's pro se brief is untimely, and we will not consider it on appeal. Iowa R. App. P. 6.901(2)(a).

[2] The victim testified a black powder pistol was worth $200, a Ruger .223 assault rifle was worth $500, and a 9 mm semi-automatic pistol was worth $500. Brown had also stolen two knives, one worth $30 and the other worth between $40-$50, a combination plier's tool worth $14, and a cell phone. The court stated Brown had been permitted by the victim to use the cell phone for text messaging only, but when the phone was recovered, all of the talk minutes had been used.

[3] Iowa Code section 714.2(3) (2013) provides that when the value of the stolen property exceeds $500 but does not exceed $1000, then the crime is theft in the third degree, an aggravated misdemeanor. However, when the value of the stolen property exceeds $200 but does not exceed $500, then the crime is theft in the fourth degree, a serious misdemeanor. Iowa Code § 714.2(4). Theft of property whose value does not exceed $200 is theft in the fifth degree, a simple misdemeanor. *Id.* § 714.2(5).

exceeds $200. The court finds that the State has proven, beyond a reasonable doubt, that the value of the stolen property exceeds $200."

Brown claims on appeal the district court's findings of fact fail to establish that the property in question was worth more than $200. Brown notes the court gave reasons for doubting the estimated value assigned by the victim, but he claims the court then arbitrarily assigned a value to the items without explaining how it arrived at that figure. Because of the lack of findings, he requests we vacate his conviction and sentence and remand the case with directions to enter a conviction and sentence for fifth-degree theft.[4]

We review sufficiency-of-the-evidence claims for correction of errors at law. *Thomas*, 561 N.W.2d at 39. We view all the evidence in the light most favorable to the State to determine if substantial evidence supports the verdict. *Id.* If the evidence would convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt, the evidence is substantial. *Id.*

For Brown to be guilty of fourth-degree theft, the evidence had to support the conclusion that the value of the items stolen was more than $200. *See* Iowa Code § 714.2(4). Pursuant to section 714.3, the value of property is "its highest value by any reasonable standard at the time that it is stolen." The reasonable standard "includes but is not limited to market value within the community, actual value, or replacement value." *Id.* § 714.3. An owner is competent to testify as to

---

[4] Brown also raises this claim as an ineffective-assistance-of-counsel claim in the event we were to find error not preserved. As this was a bench trial, a precise motion for judgment of acquittal was unnecessary to preserve error on this challenge to the sufficiency of the evidence. *See State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997) ("[W]e hold that in jury-waived criminal trials such a motion is not necessary to preserve sufficiency-of-evidence challenges for appellate review."). We thus need not address the claim through the lens of ineffective assistance of counsel.

the value of the property he owns. *State v. Houston*, 439 N.W.2d 173, 176 (Iowa 1989). The district court heard the testimony of the victim as to the value of the firearms and decided to reduce the value due to concerns raised during the victim's testimony regarding the condition of the firearms and how the victim arrived at the estimated value. Substantial evidence supports the court's conclusion that while the firearms were not as valuable as the victim claimed they were, the items were still worth more than $200 collectively. Because we conclude substantial evidence supports the district court's decision, we affirm Brown's conviction for fourth-degree theft.

**AFFIRMED.**