# IN THE COURT OF APPEALS OF IOWA

No. 15-1111
Filed July 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RANDY IRVIN RUSTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.

Randy Ruston challenges the sufficiency of the evidence supporting his conviction for possession of a controlled substance, and he asserts his trial counsel was ineffective in failing to file a motion for new trial. **AFFIRMED.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Randy Ruston challenges the sufficiency of the evidence supporting his conviction for possession of a controlled substance. He also asserts his attorney was ineffective in failing to file a motion for new trial. Because there is sufficient evidence to support a finding Ruston constructively possessed the marijuana discovered in his vehicle, we affirm his conviction. Additionally, we conclude Ruston's trial counsel was not ineffective.

**I. Background Facts and Proceedings.**

Randy Ruston of Inola, Oklahoma, is a self-employed commercial truck driver. He was returning to Oklahoma after making a delivery in North Dakota when he stopped at the Iowa Department of Transportation (IDOT) Salix weigh station on Interstate 29 in Woodbury County shortly after 3:00 p.m. on November 20, 2014. When Ruston pulled in, IDOT Motor Vehicle Enforcement Officer Kurt Miene noticed that both the left and right front windows of Ruston's four-door dually pickup were rolled down completely. It was a cold day, and the temperature at the time was in the 20's. Officer Miene had Ruston stop and told him to roll up the passenger window. When Ruston complied, Officer Miene noticed the window was tinted and that the truck did not display the required USDOT markings. As a result, the officer decided to inspect Ruston's vehicle. He directed Ruston to park the truck in the rear parking lot and enter the scale for inspection. Ruston came into the scale with his permits. The pair then walked out to the truck for the inspection.

As Officer Miene approached the driver's side of the truck, Ruston was already at the truck and had the rear door open. From several feet away, Officer

Miene smelled a "very strong" and "pungent" odor of what he believed to be raw marijuana. Officer Miene contacted his partner, IDOT Officer M. Rader, for assistance, as well as Deputy Troy Tadlock of the Woodbury County Sheriff's Office K9 unit, for a drug sniff. While awaiting their arrival, Officer Miene informed Ruston of his suspicions, and Ruston consented to a search of his truck.

When Deputy Tadlock arrived with his dog, he smelled a very strong odor of marijuana coming from the truck. While walking around the vehicle, the dog did "show some interest." The dog was put inside the truck and "he indicated by scratching on the center console."[1]

The officers then searched the interior of the truck. They discovered a pill bottle bearing Ruston's name in the center console. The pill bottle was empty other than "a little bit" of what Officer Miene referred to as "marijuana debris" or "shake." The amount—a "little bit of dust"—was too small to submit to the lab for testing "because there wouldn't be enough of that to give a confirmed test result." When opened, the bottle "[s]melled very strongly of marijuana."

After twenty minutes of searching, the officers found a plastic bag containing a "[s]mall amount" of marijuana and some rolling papers under a floor mat on the passenger side of the backseat, directly behind the front passenger's seat. The floor mat was "real tight and . . . molded to the floor." The lab report indicated the marijuana weighed one-half gram. "Because of the overwhelming

---

[1] On cross-examination, Deputy Tadlock testified the dog did *not* give any sign of smelling the presence of marijuana inside the truck. He explained, dogs are trained to go to the source of the odor, and "when there's so much odor coming out of the car, it's hard for [the dogs] to go to that source."

strong odor of raw green marijuana [emanating from the truck]," Officer Miene "was very surprised when [they] found this little amount that it smelled so terrible."

Ruston never admitted he knew the marijuana was in the truck. He informed the officers that his wife and his daughter had drug problems and used marijuana but claimed he did not know the marijuana was in his vehicle, and Ruston did nothing to otherwise incriminate himself.[2] A field sobriety test revealed Ruston was not under the influence of any substances.

The State charged Ruston with possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5) (2013). Ruston waived a jury trial, and a bench trial was held in March 2015. Ruston's wife, Tammy, testified that Ruston does not use marijuana, but she uses it "occasionally" and has stored it in pill bottles. She claimed that the bag of marijuana belonged to her, that she had placed it under the floor mat without Ruston's knowledge after traveling to a football game, and that she had forgotten that she left it there. Ruston testified in his own defense that he could not smell the marijuana and had no knowledge it was in his vehicle.

---

[2] The search of Ruston's vehicle was recorded on Officer Rader's in-car video. The audio from that videotape reflects that Ruston was asked who the marijuana belonged to and, after denying knowledge of its presence, stated, "Well, I know what it is. It's my weed now." Officer Miene testified at trial that he had reviewed the videotape of the search in the days leading up to trial and claimed that Ruston's statement was an admission of possession, though there is no mention of an admission in the officer's report. According to Ruston, he made the statement to reflect his understanding that the marijuana was found in his vehicle and his belief that he would be held legally responsible for it on that basis alone. In its ruling, the trial court declined to give the comment "much weight" as an admission, noting the statement "could be construed otherwise."

At the close of the bench trial, the district court found Ruston guilty as charged. The court ordered that Ruston serve the mandatory minimum sentence of two days in jail and pay the minimum fine of $325, in addition to court costs and surcharges. It also ordered the IDOT to revoke Ruston's license for one-hundred-eighty days as required by section 901.5(10).

## II. Scope and Standard of Review.

Challenges to the sufficiency of the evidence supporting a conviction are reviewed for correction of errors at law. *See State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997). We review all of the record evidence in the light most favorable to the State, including all legitimate inferences and presumptions that could be fairly and reasonably deduced from the record. *See id.* If the trial court's factual findings are supported by substantial evidence, we are bound by them. *See id.* Evidence is substantial if a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt. *See id.* Evidence that only raises "suspicion, speculation, or conjecture" is not substantial. *Id.* (citation omitted).

## III. Sufficiency of the Evidence.

Ruston challenges the sufficiency of the evidence supporting his conviction of possession of a controlled substance. "When the State charges a person with possession, the State must prove the person exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008). Ruston contends the evidence is insufficient to show he had knowledge of the marijuana stashed in the truck.

The State counters that Ruston's knowledge may be inferred because he had exclusive control of the truck. Knowledge of the presence of a controlled substance and the ability to maintain control over the controlled substance may be inferred if the accused has exclusive possession of the premises on which a controlled substance is found. *See State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973). When the controlled substance is discovered inside a vehicle, we will not infer knowledge and the ability to maintain control if "it has been established that multiple individuals had equal access to the vehicle." *State v. Dewitt*, 811 N.W.2d 460, 474 (Iowa 2012). Here, Ruston owned the vehicle in which the marijuana was discovered, it was registered in his name, and Ruston was travelling alone in it at the time the marijuana was discovered. However, Ruston's wife testified:

> Q. Over the weekend, and once the truck was home, do you have access to the truck? A. Yes. I get the privilege of cleaning it.
> Q. So you have joint access with Randy? A. Yeah. I drive it.
> . . . .
> Q. Okay. So before he left for . . . North Dakota, you had access to this vehicle? A. Yes.

Ruston testified that his wife had access to the truck, which he leaves unlocked on his property and that she drives the vehicle sometimes.

Our supreme court has articulated a number of factors to guide us in determining whether a person constructively possesses a controlled substance discovered in premises under joint control. *See Maxwell*, 743 N.W.2d at 194. These include:

> (1) incriminating statements made by the person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled

substance; and (4) any other circumstances linking the person to the controlled substance.

*Id.* Here, Ruston made no incriminating statements. He steadfastly denied knowledge of the bag of marijuana. Ruston made no incriminating actions upon the officers' discovery of the marijuana in the truck. In his report, Officer Miene unequivocally stated that Ruston did not exhibit any suspicious behavior and "seemed shocked" that the officers could smell the odor of marijuana coming from his vehicle. No fingerprint evidence was presented.

When a controlled substance is discovered inside a vehicle, we may also consider whether the controlled substance was in plain view, was found with the accused's personal effects, or was found on the same side of the car or immediately next to the accused, in addition to whether the accused is the owner of the vehicle or engaged in any suspicious activity. *See id.* The bag of marijuana with which Ruston is charged with possessing was not in plain view or found inside or among Ruston's possessions. Rather, the bag of marijuana was concealed beneath a tight-fitting floor mat in the backseat area of the vehicle. The bag's location behind the passenger seat and beneath a floor mat placed it out of Ruston's reach in the driver's seat. Officer Miene testified the spot where the marijuana was discovered was an arm or an "arm and a half" from the driver's seat, and Deputy Tadlock described the location as "[p]robably two" arm lengths from the driver's seat.

"Even if some factors are present, the court is still required to determine whether all of the facts and circumstances create a reasonable inference that the

person knew of the presence of the controlled substance and had control and dominion over it." *Id.*

Ruston denied any knowledge of the presence of marijuana in his truck. The district court carefully considered the Rustons' testimony and did not find it to be persuasive, explaining:

> The odor of the marijuana in and around the truck was strong. The pill bottle, which the court concludes had recently housed marijuana, bears the name of [Ruston] and is a container for a prescription issued to him. The pill bottle was in close proximity to the driver's seat. The marijuana found on the floor of the rear of the cab was also in close proximity to the driver's seat. The baggie of marijuana was in the back seat area with multiple other items belonging to [Ruston].
>
> [Ruston] was alone in the truck. The truck belongs to him. He is the primary party that uses the truck. Mrs. Ruston's testimony that she hid the pot under the floor mat and forgot about it is not compelling.
>
> The alcohol discovered in the truck was covered by other items, suggesting purposeful furtiveness on the part of [Ruston]. The marijuana was similarly hidden. At trial [Ruston] testified he rolled down the front side windows of his truck because he knew they were excessively tinted and he was trying to hide that fact from the officer, which, if believed, suggests that [Ruston] is dishonest.
>
> The State argued that [Ruston] did so to get the smell of marijuana out of the cab of the vehicle. Both explanations suggest that [Ruston] is less than truthful.

"Determinations of credibility are in most instances left for the trier of fact, who is in a better position to evaluate it." *State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000). Unlike this court, the trial court has a front row seat to observe the "witness's facial expressions, vocal intonation, eye movement, gestures, posture, body language, and courtroom conduct, both on and off the stand," as well as the witness's "nonverbal leakage" demonstrating "[h]idden attitudes, feelings, and opinions" that are not reflected in the cold transcript this court reviews. Thomas Sannito & Peter J. McGovern, *Courtroom Psychology for Trial Lawyers* 1 (1985).

Consequently, the trial judge is in the best position to assess witnesses' interest in the trial, and their motive, candor, bias, and prejudice. *See State v. Teager*, 269 N.W. 349, 351 (Iowa 1936). We defer to the trial court's assessment that the defense witnesses were less credible that the State's witnesses.

Officer Miene and Deputy Tadlock testified the odor of raw marijuana was noticeable outside of the vehicle from a distance. Officer Miene testified that the odor was so strong that he expected to find "large quantities" or "a load" of marijuana in the vehicle rather than a "small, personal-use baggie." In fact, he "was very surprised" by the small amount of marijuana they found. What was discovered was a half gram of bagged marijuana concealed under the molded floor mat. It is highly unlikely that this was the source of the "overwhelming strong odor of raw green marijuana" smelled by the officers. Nevertheless, the cab of the truck reeked of marijuana.

The district court also noted the presence of marijuana found in the prescription pill bottle, stating: "The pill bottle, which the court concludes had recently housed marijuana, bears [Ruston's name] and is a container for a prescription issued to him. The pill bottle was in close proximity to the driver's seat."

The trial court also found: "The marijuana found on the floor of the rear of the cab was also in close proximity to the driver's seat. The baggie of marijuana was in the back seat area with multiple other items belonging to [Ruston]" and "[Ruston] was alone in the truck. The truck belongs to him. He is the primary party that uses the truck."

In view of all the facts and circumstances, coupled with the district court's credibility findings, and giving the evidence the required weight and inferences, we conclude a reasonable fact-finder could determine beyond a reasonable doubt that Ruston knew of the marijuana's presence in the truck and, therefore, constructively possessed the marijuana. Accordingly, we affirm Ruston's conviction for possession of a controlled substance.

**IV. Ineffective Assistance of Counsel.**

Ruston asserts his trial counsel was ineffective in failing to file a motion for new trial under *State v. Ellis*, 578 N.W.2d 655, 658-59 (Iowa 1998), which provides that a court may grant a new trial if it concludes "that the verdict is contrary to the weight of the evidence." Unlike the sufficiency-of-the-evidence analysis, the weight-of-the-evidence analysis is much broader in that it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other. *See State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). The court should only grant a new trial "in exceptional cases in which the evidence preponderates heavily against the verdict." *Id.* (citation omitted).

Here, the district court did make specific credibility determinations, finding the defense witnesses to be less credible than the State's witnesses. To grant an *Ellis* motion, the district court would have to have reversed its own findings. It is implicit in the trial court's decision that more credible evidence supported a conviction than an acquittal. While this was a close case, there is no reasonable probability the court would have granted the motion. Counsel has no duty to file a meritless motion, and appellate courts "will not find counsel incompetent for

failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

**V. Conclusion.**

Sufficient evidence supports Ruston's conviction for possession of marijuana. Because an *Ellis* motion for new trial was a meritless issue, counsel had no duty to pursue it. We therefore affirm Ruston's conviction and sentence.

**AFFIRMED.**