# IN THE COURT OF APPEALS OF IOWA

No. 18-1144
Filed May 1, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTOINE J. ALLEN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Henry W. Latham, Judge.

A defendant appeals his conviction for first-degree robbery.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Antoine Allen appeals his conviction for first-degree robbery. He claims trial counsel was ineffective for failing to object to an in-court identification and failing to request an instruction on eyewitness identification. We affirm the conviction and preserve the ineffective-assistance claims for possible postconviction relief proceedings.

**I.      Background Facts & Proceedings**

On May 26, 2017, just after 2:00 a.m., a man robbed a Casey's General Store, holding a tool as a weapon to an employee's back while the other two employees were in the kitchen. He took the employee's cell phone and wallet case, had her open the register and took the money, and grabbed several cartons of Newport cigarettes. The robber dropped some of the cartons as he ran out. The robbery was caught on the surveillance camera, and the employees in the kitchen saw the robber before he left. The video showed a male wearing a two-tone grey hooded sweatshirt with a logo on the lower sleeve, a green shirt underneath, black sunglasses, two-tone gloves with a logo, jeans, and white tennis shoes.

Late that morning, the cell phone and wallet case were found on a sidewalk several blocks away. On May 30, surveillance video was obtained from a different gas station from the night of May 26, showing the same man that robbed the Casey's and showing a vehicle missing a right hubcap driving by immediately after he left. Police were able to match the vehicle missing the hubcap to Allen. A search warrant was obtained on May 31, and officers found a sweatshirt, t-shirt, and gloves matching those worn during the robbery in Allen's bedroom, and

matching shoes on the porch. Part of a Newport cigarettes carton and an open pack of cigarettes were also found in the room. Sunglasses like those worn during the robbery were found in the vehicle Allen uses.

Allen was interviewed by police and, after some denials, eventually admitted he owned the clothing and was the person on the video. During the interview, Allen stated he carried a tool, not a gun, during the robbery. He stated he took the money and some Newport cigarettes and ran out of the store. Allen mentioned dropping some of the cigarettes on the way out of the store. Allen's daughter identified him on still shots from the surveillance video.

Allen filed, and the court denied, two motions to suppress—one relating to all evidence found based on the search warrant and the other relating to all statements made during the interview. A jury trial was held on May 14 and 15, 2018. The State offered testimony from the three Casey's employees and three officers who worked on the investigation. The Casey's surveillance video from four separate cameras was offered into evidence. One of the employee witnesses specifically identified Allen as the perpetrator during testimony. The officer who interviewed Allen testified regarding Allen's admissions and the clothing found in Allen's bedroom. The jury found Allen guilty of first-degree robbery.

Allen appeals.

## II.     Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa

2009). "[A] defendant has the burden to prove by a preponderance of the evidence that counsel was ineffective." *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

### III.     Analysis

Allen first claims his trial counsel failed an essential duty by failing to object to a witness's in-court identification, explaining at length why an in-court identification can be impermissibly suggestive and inherently prejudicial. Allen also claims counsel was ineffective for failing to request an instruction on eyewitness identification.

We presume counsel's performance falls within a range of reasonable professional assistance. *State v. Ondayog*, 722 N.W.2d 778, 787 (Iowa 2006). In determining whether an attorney failed in performance of an essential duty, we avoid second-guessing reasonable trial strategy. *Fullenwider v. State*, 674 N.W.2d 73, 75 (Iowa 2004). "[P]ostconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance." *Ondayog*, 722 N.W.2d at 786.

The record here is incomplete as to why counsel did not object to the in-court identification and did not request a jury instruction on eyewitness identification. We note counsel cross-examined the witness and was able to identify inconsistencies between the testimony and the visual evidence for the jury. Allen bears the burden to show his attorney performed below professional norms regarding in-court eyewitness identification and related jury instruction and to establish sufficient prejudice to undermine our confidence in the outcome. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). On this record, we decline to adjudicate defense counsel's competency.

We affirm Allen's conviction and preserve his ineffective-assistance-of-counsel claims for possible postconviction relief proceedings.

**AFFIRMED.**