# IN THE COURT OF APPEALS OF IOWA

No. 20-0596
Filed March 17, 2021

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**SEDRICK ANDRE MIXON,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

　　　Sedrick Mixon appeals the conviction, sentence, and judgment for failure to comply as an habitual offender. **CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

　　　Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

　　　Considered by May, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Arguing the State failed to prove he had a duty to register his residency, Sedrick Mixon appeals his conviction, sentence, and judgment for failure to comply, as an habitual offender, in violation of Iowa Code sections 692A.103,[1] 692A.104,[2] and 692A.111 (2019).[3] On appeal, Mixon asserts the district court lacked substantial evidence to convict him of failure to comply with sex offender registry requirements because the State failed to present any evidence regarding Mixon's qualifying offense and duration of registration. Alternatively, if we find substantial evidence supports the conviction, Mixon challenges a defect in the sentencing order. Both parties agree the sentencing order incorrectly ordered Mixon to pay a fine based on his habitual-offender enhancement. Mixon asks his

---

[1] Iowa Code section 692A.103(1)(a)-(c) states:

> A person who has been convicted of any sex offense classified as a tier I, tier II, or tier III offense, or an offender required to register in another jurisdiction under the other jurisdiction's sex offender registry, shall register as a sex offender as provided in this chapter if the offender resides, is employed, or attends school in this state. A sex offender shall, upon a first or subsequent conviction, register in compliance with the procedures specified in this chapter, for the duration of time specified in this chapter, commencing as follows:
> > a. From the date of placement on probation.
> > b. From the date of release on parole or work release.
> > c. From the date of release from incarceration.

Mixon is a tier III offender and is, therefore, required to register.

[2] Iowa Code section 692A.104(2) states: "A sex offender shall, within five business days of changing a residence . . . appear in person to notify the sheriff of each county where a change has occurred."

[3] Iowa Code section 692A.111(1) states: "A sex offender who violates any requirement of section 692A.104 . . . commits an aggravated misdemeanor for a first offense and a class 'D' felony for a second or subsequent offense." Mixon was first convicted for failure to comply on February 25, 2011—a misdemeanor under this section. On three occasions after this—February 16, 2012, August 3, 2015, and February 22, 2017—Mixon was convicted for failure to comply for a second or subsequent offense, all class "D" felonies under this section.

conviction be vacated and his case remanded for dismissal, while the State asserts Mixon's conviction should be affirmed and his sentence vacated and remanded for entry of a modified order without the imposed fine.

**Factual Background and Proceedings.**

On May 20, 2002, Mixon was convicted of sex abuse in the third degree and, as a consequence, was required to register as a sex offender and comply with registration requirements. One of these requirements is notifying the sheriff's office in person within five business days of changing residences. On September 9, 2019, Mixon was evicted from his apartment for non-payment of rent; thus, he had five business days after that date to notify the sheriff's office in person of his new residence. Mixon did not comply.[4]

On two separate occasions—September 20 and 23, 2019—Detective David Murguia of Des Moines County Sheriff's Office attempted to call Mixon regarding his change in residence, but Mixon could not be reached. With the help of the staff from Des Moines County General Assistance, Detective Murguia finally located Mixon on October 9. Mixon, now aware of the outstanding warrant because of his failure to register within the five business days after his eviction, appeared at the sheriff's office. On October 18, the State charged Mixon with failure to comply, as an habitual offender. Mixon pled not guilty and appeared in open court on January 9, 2020, when he filed a written waiver of his right to a jury trial.

---

[4] Mixon testified he was a patient at the Great River Medical psychiatric unit during the eviction process. According to Mixon, he was a patient from September 5, 2019, until his release on the ninth of that month. He returned to the hospital again on September 26 and was discharged on October 1. At that point, he argues he was homeless and never stayed at any location for more than five days. His whereabouts between September 13 and 26 are unknown.

During the bench trial, Judy Stueker, a twenty-eight-year employee of the Des Moines County Sheriff's Office, testified she monitored the sex offenders' reporting requirements. She confirmed that as a tier III offender, Mixon is required to register a minimum of four times per year. In addition to the quarterly registration requirement, Stueker testified Mixon was also required to register more frequently in the event of a change in residence. Stueker further testified when Mixon was evicted on September 9, 2019, he had five business days from that date to update his registration in person with the county sheriff's department. She noted he had last registered on July 31, 2019. Mixon also testified at the trial. He acknowledged his ongoing duty to register but testified he did not know he had to register when he was temporarily homeless without a specific address for more than five days.

The district court issued ruling on February 10, 2020, finding Mixon guilty of failure to comply. Mixon admitted his prior convictions for the habitual-offender enhancement. On April 6, 2020, Mixon was sentenced to an indeterminate fifteen years in prison with a mandatory three-year minimum. The court imposed a fine of $750. Mixon appeals.

**Sufficiency-of-the-Evidence Claim.**

To begin, Mixon challenges his conviction, claiming the evidence presented at trial was insufficient to establish his failure to comply with sex offender registry requirements. Specifically, Mixon argues the State failed to present any evidence regarding his qualifying offense and duration of registration. Directing us to one of our cases, State v. McMurrin, where we found insufficient evidence of the requirement to register, Mixon draws similarities to his case. See No. 03-1449, 2004 WL 2002430, at *1–2 (Iowa Ct. App., Sept. 9, 2004) (holding a single exhibit

and the minutes of testimony failed to establish substantial evidence of the requirement to register as a sex offender).  To counter that argument, the State contends it met its burden to prove Mixon had a legal duty to comply with the requirements of Iowa Code chapter 692A in September 2019 when Mixon was evicted.

Sufficiency of evidence challenges following a bench trial are reviewed for correction of errors at law.  *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997).  With a bench trial, the defendant is not required to move for judgment of acquittal to preserve a sufficiency challenge for appeal.  *State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997).  Moreover, the district court's decision is "binding on appeal if supported by substantial evidence." *Thomas*, 561 N.W.2d at 39.  The evidence is substantial "[i]f a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt." *Id.* Evidence raising mere "'suspicion, speculation, or conjecture' is *not* substantial evidence." *Id.* (citation omitted).  The standard is to view the evidence "in the light most favorable to the State, 'including all legitimate inferences and presumptions which may be fairly and reasonably deduced from the . . . record.'" *Id.* (alteration in original) (citation omitted).  All evidence will be considered, "not just that of an inculpatory nature." *Id.*

With these concepts in mind, the district court could find sufficient evidence to convict Mixon of failure to comply with the sex offender registry requirements under sections 692A.103, 692A.104, and 692A.111.  Here, unlike in *McMurrin*, the State presented more than an inference of Mixon's requirement to register.  The State established Mixon's qualifying offense through Stuecker's testimony; Mixon was convicted as a tier III sex offender in 2002 and was thus required to register.

Likewise, Mixon agreed that he was on the sex-offender registry for a 2002 conviction. Stueker described the registration requirements that dictate the offender appear in person to notify the county sheriff's department of any change of residence within five business days of the change. *See* Iowa Code § 692A.104(2). Next, Detective Murguia testified Mixon did not appear in person to the sheriff's office until they made contact on October 9, 2019—well over five business days after Mixon's eviction on September 9, 2019. Finally, as to the length of Mixon's registry requirement, testimony from Stueker, Detective Murguia, and Mixon all supported the continuing requirement that Mixon comply with his registration requirements in September 2019 after the eviction.

We find there was substantial evidence to support the conviction of failure to comply under sections 692A.103, 692A.104, and 692A.111.

**Sentencing Error.**

Both parties agree the district court incorrectly imposed a fine based on the habitual-offender enhancement, creating an illegal sentence. Because the habitual offender statute does not create a crime and, as such, imposes no fine outside the general sentencing statute, it was error for the court to do so. *See State v. Halterman*, 630 N.W.2d 611, 613 (Iowa Ct. App. 2001). We vacate the improper fine from Mixon's sentence and remand for resentencing as to the fine only. *See State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997) (remanding for resentencing "limited only to the issue of the fine" (citing *State v. Krivolavy*, 258 N.W.2d 157, 158 (Iowa 1977)).

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**