STATE of Iowa, Appellee,

v.

Jerry Michael LAMBERT, Appellant.

No. 98–2274.

Supreme Court of Iowa.

July 6, 2000.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Richard R. Phillips, County Attorney, and Kerrie L. Snyder, Assistant County Attorney, for appellee.

SNELL, Justice.

Defendant, Jerry Michael Lambert, appeals his conviction for burglary in the first degree in violation of Iowa Code section 713.1 (1997), a class "B" felony, and assault in violation of Iowa Code sections 708.1 and 708.2(4) (1997), a simple misdemeanor. Defendant appeals claiming there was insufficient evidence upon which to base a conviction for burglary, and that he received ineffective assistance of counsel. Defendant further claims the assault conviction should have been merged with that for burglary. We agree with defendant's latter ascription of error. The decision of the district court is affirmed, the sentence is vacated, and the case is remanded for resentencing.

## I. Background Facts and Proceedings

Facts adduced at trial indicate that on August 20, 1998, at approximately 4:30 in the morning, defendant entered the home of his estranged wife, Diane Robertson. Robertson woke to the sound of Lambert's voice calling out her name as he stood beside her bed, wearing gloves, arms raised overhead, holding a long metal pipe in both hands. Once roused, Robertson was told, "Talk to me and I won't hurt you." She screamed and a struggle ensued. The couple's children bore witness to the encounter in which Robertson was choked and nearly suffocated with a pillow.

Upon the children's intercession, the couple regained their composure. Brief discussions followed through which Lambert expressed his familial devotion and queried Robertson as to her reasons for seeking a divorce. Lambert subsequently left the house and Robertson immediately phoned the police.

Defendant turned himself in that same morning, and was charged with first-degree burglary and aggravated assault. Following a jury trial Lambert was found guilty of burglary and sentenced to a term of imprisonment not to exceed twenty-five years. He was also convicted of simple

assault, for which he is to serve a concurrent term of thirty days.

On appeal, defendant makes the following contentions: (1) there was insufficient evidence to support the burglary verdict; (2) his attorney's failure to object to jury instructions constituted ineffective assistance of counsel; and (3) the district court erred in refusing to merge the assault and burglary convictions.

## II. Discussion

### A. Sufficiency of the Evidence

 We review challenges to the sufficiency of the evidence for the correction of errors at law. *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997). A trial court's findings of guilt are binding if supported by substantial evidence. *Id.;* Iowa R.App. P. 14(f)(1). If a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt, the evidence is substantial. *Thomas*, 561 N.W.2d at 39; *State v. Robinson*, 288 N.W.2d 337, 341 (Iowa 1980). The evidence is examined in the light most favorable to the State, including all legitimate inferences and presumptions which may be fairly and reasonably deduced from the record. *Thomas*, 561 N.W.2d at 39; *State v. Simpson*, 528 N.W.2d 627, 632–33 (Iowa 1995). We consider all the evidence presented, not just that of an inculpatory nature. *Thomas*, 561 N.W.2d at 39; *State v. Randle*, 555 N.W.2d 666, 671 (Iowa 1996). Evidence that only raises suspicion, speculation or conjecture is not substantial. *Thomas*, 561 N.W.2d at 39.

Burglary is defined as a crime executed by:

[a]ny person, having the intent to commit a felony, assault or theft therein, who having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person

having such intent who breaks an occupied structure, commits burglary.

Iowa Code § 713.1.

Defendant argues the State failed to prove the element of intent beyond a reasonable doubt. Lambert claims he entered the home for the purpose of retrieving tools, clothing, and other personal effects he had previously been unable to collect due to a restraining order. At trial, Lambert testified he returned home under cover of darkness in hopes of reclaiming the property undetected. Lambert maintains he was looking through boxes of his belongings on the back porch when confronted by Robertson and told to leave the premises. He further claims as follows. He asked if he could first retrieve his gloves and other articles of apparel from a closet in the upstairs bedroom. Robertson assented, followed him, inquired as to whether the children were aware of his presence, and upon being informed in the negative, proceeded to scream, "Help, help, he's killing me." Lambert asserts the struggle witnessed by the children was simply an attempt to procure her silence, that he harbored no ill-will toward his wife, and that he had no intention of committing an assault when he entered the home.

 In order to sustain a conviction for burglary the State must prove, beyond a reasonable doubt, Lambert had formed the intent to commit an assault at the time of entry. *State v. Finnel*, 515 N.W.2d 41, 42–43 (Iowa 1994); *State v. Morelock*, 164 N.W.2d 819, 822 (Iowa 1969). This element of the offense is seldom susceptible to proof by direct evidence, and is usually established by inference. *Finnel*, 515 N.W.2d at 42; *State v. Olson*, 373 N.W.2d 135, 136 (Iowa 1985). Intent may be derived from actions preceding, or subsequent to, an accused's unauthorized entry, as well as all circumstances attendant thereto. *Finnel*, 515 N.W.2d at 42. The requirement of proof beyond a reasonable doubt is satisfied if it is more likely than

not the inference of intent is valid. *Id.*; *Olson*, 373 N.W.2d at 136.

█ The facts of this case are analogous to those presented in *Finnel.* Therein, Finnel, without consent, entered the home of Mary Brown, a former girlfriend. Knowing full well contact with the victim would be considered offensive, Finnel woke Brown and expressed his desire to engage in a dialogue. Finnel was immediately told to exit the premises. When he refused, Brown attempted to make an escape, at which point Finnel grabbed her by the neck, and covered her mouth to prevent her from screaming. Eventually, Finnel was convinced to leave. He was later convicted of second-degree burglary. On appeal, we held Finnel's mode of entry, his knowledge with respect to Brown's desire to avoid contact, his threats to kill Brown, and his assaultive actions once inside, constituted sufficient evidence from which a court could infer an intent to commit assault. *Finnel*, 515 N.W.2d at 43.

In the matter at hand, the jury was asked to consider evidence which indicated Lambert entered the premises without permission, in the dead of night, wearing gloves, and wielding a lead pipe. The evidence further suggested Lambert confronted his wife in violation of a restraining order, that he threatened her with imminent bodily harm, and that he assaulted her when she refused to accede to his requests. Most of this evidence was corroborated by eyewitness testimony. We thus conclude there was sufficient evidence from which a jury could properly find an intent to commit an assault.

Viewing this evidence, together with the other evidence adduced in the light most favorable to the State, we conclude there was sufficient evidence for the jury to convict Lambert of burglary.

## B. Ineffective Assistance of Counsel

█ Claims of ineffective assistance of counsel are derived from the Sixth Amendment to the United States Constitution and are afforded a de novo review. *State v. Pace*, 602 N.W.2d 764, 768 (Iowa 1999). To sustain such a claim a defen-

dant must prove, by a preponderance of the evidence, trial counsel failed to perform an essential duty, and prejudice resulted. *State v. Atwood*, 602 N.W.2d 775, 784 (Iowa 1999); *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996).

█ To prove the second prong of a claim of ineffective assistance of counsel, *i.e.*, that prejudice resulted, the defendant must show that counsel's failure worked to the defendant's actual and substantial disadvantage, such that there is a reasonable probability that, but for counsel's error, the trial result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984); *State v. Thornton*, 498 N.W.2d 670, 675 (Iowa 1993).

█ Lambert claims his counsel should have objected to the court's instruction that "a metal pipe is, by law, a 'dangerous weapon.'" The court initially defined a dangerous weapon as

any device or instrument designed primarily for use in inflicting death or injury, and when used in its designed manner is capable of inflicting death. It is also any sort of instrument or device which is actually used in such a way as to indicate the user intended to inflict death or serious injury, and when so used is capable of inflicting death.

This language substantially tracks with the statutory language of Iowa Code section 702.7. However, the court further instructed the jury that a metal pipe is a dangerous weapon as a matter of law.

Defendant notes a pipe is not a dangerous weapon, per se, under section 702.7. Lambert contends the State therefore bears the burden of proving the pipe allegedly used during commission of the crime was brandished in a manner indicating an intent to inflict death or serious injury, and that the pipe was actually capable of inflicting such injury. He argues the instruction characterizing the object as a dangerous weapon, as a matter of law, was

thus submitted to the jury in error, and that it was incumbent upon his attorney to lodge an objection to its submission.

The evidence more than sufficiently proved the elements of the court's definition of "dangerous weapon" as submitted to the jury. That definition stated "a dangerous weapon is any sort of instrument or device which is actually used in such a way as to indicate the user intended to inflict death or serious injury, and when so used is capable of inflicting death."

Robertson testified she woke to find defendant standing over her, poised to strike, with an approximately three-foot long metal or lead pipe. Defendant, himself, testified the pipe to which his wife referred was known as "the asskicker," a hollow, three-and-one-half foot long cheater bar used as a leverage tool or tire billy. The couple's three daughters, who were familiar with the instrument and its given appellation, confirmed these descriptions.

This evidence showed actual use by Lambert of the metal pipe, its capability of inflicting death, and his intent to inflict serious injury. Further evidence of Lambert's intent is provided by Robertson's testimony she was choked and her daughter's testimony that defendant held a pillow over her face. Also, officer Layne, who arrived on the scene that morning, testified the victim's neck was red and that there were scratches on her face. A police dispatcher further testified that when Robertson called for help she was crying and said defendant had choked her.

In light of this evidence we find there is not a reasonable probability, even if counsel erred in failing to object to the instruction, the trial result would have been different. The *Strickland* standard for reversal has not been met.

C. Merger

The district court sentenced Lambert to concurrent terms of imprisonment on the counts of simple assault and first-degree burglary. Lambert asserts this punishment was in violation of Iowa Code section 701.9, which provides:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this sentence, the court shall enter judgment of guilty of the greater offense only.

In support of this contention, Lambert maintains assault is a lesser included offense of burglary in the first degree when the latter charge is predicated upon the reckless or intentional infliction of bodily injury alternative.

▮ An alleged violation of Iowa Code section 701.9 is reviewed for the correction of errors at law. *State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999); *Finnel*, 515 N.W.2d at 43. Section 701.9 codifies our protection from cumulative punishment secured by the Double Jeopardy Clause of the United States Constitution. *Garrett v. United States*, 471 U.S. 773, 777–78, 105 S.Ct. 2407, 2410–11, 85 L.Ed.2d 764, 770–71 (1985); *State v. Daniels*, 588 N.W.2d 682, 683 (Iowa 1998). The purpose of the merger statute is to prevent a court from imposing a punishment greater than that contemplated by the legislature. *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995); *see also Daniels*, 588 N.W.2d at 683–84.

▮ To ascertain legislative intent we first look to the legal elements test for lesser included offenses. *Halliburton*, 539 N.W.2d at 344. Application of this test involves a comparison of the elements of both crimes to see whether it is possible to commit the greater offense without also committing the lesser. *Id.* If it is not, the statutes must be merged unless the legislature intended to impose multiple punishments for a single transgression. *Id.*

▮ The elements of first-degree burglary submitted to the jury were:

1. On or about the 20th day of August 1998, the defendant broke into or entered 205 West Eighth Street, West Liberty, Iowa.

2. 205 West Eighth Street, West Liberty, Iowa, was an occupied structure as defined in these instructions.

3. Persons were present in the occupied structure.

4. The defendant did not have permission or authority to break into or enter 205 West Eighth Street, West Liberty, Iowa.

5. The defendant did so with the specific intent to commit an assault.

6. During the incident the defendant possessed a dangerous weapon and/or intentionally or recklessly inflicted bodily injury on another person.

The marshalling instruction for simple assault read:

1. In order for the Defendant to be found guilty of the lesser-included offense of Assault, the State must prove both of the following elements:

2. On or about the 20th day of August, 1998, the defendant did an act to Diana [Robertson] which was intended to cause her pain or injury or result in physical contact which was insulting or offensive, or place Diana [Robertson] in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to her.

3. The defendant had the apparent ability to do the act.

The jury found the charged elements of burglary were proved. The elements of assault as charged were sufficiently proved to support the jury's conviction based on defendant's acts that were intended to cause Robertson pain or injury. The State suggests merger of these offenses does not occur because under number six of the burglary charge, defendant could have been convicted of possessing a dangerous weapon rather than the infliction of bodily injury alternative and, thus, not commit the crime of assault. This argument is not viable, however, because no special interrogatories were submitted and we therefore have no way of knowing the alternative upon which the jury based its decision.

This court has previously observed that "it would be impossible to commit first-degree burglary by intentionally or recklessly injuring another without also committing assault...." *State v. Peck*, 539 N.W.2d 170, 175 (Iowa 1995).

Moreover, in *Daniels*, we voiced our approval of a court of appeals decision in which it was held assault while participating in a felony was a lesser included offense of first-degree burglary under the intentional or reckless infliction of bodily injury alternative. *Daniels*, 588 N.W.2d at 685 (citing *State v. Hernandez*, 538 N.W.2d 884, 888 (Iowa App.1995)).

Under these precedents it is clear the convictions for first-degree burglary and simple assault should have been merged.

III. Conclusion

We hold there is sufficient evidence to sustain a conviction for burglary in the first degree, and that defendant was not prejudiced by counsel's failure to object to the jury instructions. The trial court did, however, err by failing to merge the burglary and assault convictions. The decision of the district court is affirmed in part, reversed in part, and remanded for merger.

**CONVICTION AFFIRMED, SENTENCE VACATED, CASE REMANDED FOR RESENTENCING.**

All justices concur except CARTER, J., who concurs specially, and NEUMAN, J., who takes no part.

CARTER, Justice (concurring specially).

I join in the opinion of the court as to all issues other than the merger issue. On that issue, I agree that there must be merger of convictions because the situation falls squarely under Iowa Code section 701.9 (1997). I do not agree with that

portion of the court's analysis that searches for legislative intent beyond the application of that statute.

As I indicated in my concurring opinion in *State v. Daniels*, 588 N.W.2d 682, 685–86 (Iowa 1998), the two-step analysis applied in the *Halliburton* case, 539 N.W.2d at 344, is misguided. A general statute such as section 701.9 is applicable to all crimes contained in the criminal code in the absence of a special statute negating its application. There is no special statute which does that. Consequently, section 701.9 is the controlling indicia of legislative intent on the merger issue in all situations in which lesser included offenses are involved. It is unnecessary and improper to resort to an ad hoc determination of legislative intent apart from the directives contained in section 701.9.