# IN THE COURT OF APPEALS OF IOWA

No. 14-0375
Filed January 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMIAH CONTRELLE PRESTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Kurt L. Wilke,

Judge.

        Jeremiah Preston appeals his judgment and sentence after pleading guilty

to third-degree burglary.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Darrel Mullins,

Assistant Attorneys General, and Jennifer Benson, County Attorney, for appellee.

        Considered by Mullins, P.J., McDonald, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Jeremiah Preston appeals his judgment and sentence after pleading guilty to third-degree burglary. He contends his counsel was ineffective because his guilty plea lacks a factual basis and was not voluntary and knowing.

The undisputed evidence shows that on September 30, 2013, Jeremiah Preston went to the residence of his child's mother, Nicole Wingert, in violation of a no-contact order. Preston broke down the door to gain entrance and assaulted Wingert during the ensuing argument. He was arrested and charged with first-degree burglary as an habitual offender and domestic abuse, second offense.

Pursuant to a plea agreement, the charges were reduced, and Preston pled guilty to third-degree burglary and domestic abuse assault. At the plea hearing, Preston stated he "went into [Wingert's] house and we had a No Contact Order and [I] wasn't supposed to be there." When the court asked if he went into the residence with the intention of assaulting Wingert, Preston replied, "Not with the intent, but we got into an argument." The following exchange then occurred:

> THE COURT: Okay. I see. Alright, but you're saying you didn't go in there with the intent? Alright. Is that a required element, the intent? I think it is, is it not?
>
> [PROSECUTOR]: Judge, I think his intent can be to break and enter the property, which, I believe, he says he did in violation of the No Contact Order.
>
> THE COURT: I thought he had to have intent to—Maybe I'm thinking of something else.
>
> [DEFENSE COUNSEL]: My understanding, Your Honor, is he had to have an intent to commit a crime on the premises. And crime in this case could be a violation of the No Contact Order.
>
> THE COURT: I got ya. Did you know it was against the law what you were doing at the time?
>
> THE DEFENDANT: Yes, sir.

The court then accepted Preston's guilty plea.

Preston failed to file a motion in arrest of judgment, which typically precludes a challenge to a guilty plea. *See* Iowa R. Crim. P. 2.8(2)(d); *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000). An exception to the rule exists in cases where failure to file a motion in arrest of judgment is attributable to ineffective assistance of counsel. *State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999). Preston so alleges. Because his claim implicates his constitutional right to representation, our review is de novo. *See State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

Preston's claims of ineffective assistance of counsel stem from counsel and the court's apparent misunderstanding of the intent element of burglary. A burglary occurs when a person enters an occupied structure with "the intent to commit a felony, assault or theft therein." Iowa Code § 713.1 (2013). Because he was found guilty of committing burglary for entering Wingert's residence in violation of a no-contact order, Preston argues there is no factual basis for his guilty plea. He further argues his guilty plea was not knowing and intelligent because the court failed to explain the nature of the charge, and both counsel and the court misunderstood the intent element.

In order to establish counsel was ineffective, Preston must prove by a preponderance of the evidence "'(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Ortiz*, 789 N.W.2d at 764 (citation omitted). If counsel permitted Preston to plead guilty and waived his right to file a motion in arrest of judgment when no basis existed to support the

plea, counsel failed to perform an essential duty and prejudice is presumed.[1] *See id.* at 764-65. While we ordinarily preserve such claims for postconviction relief proceedings, we will address an ineffective-assistance claim on direct appeal where the record is sufficient to permit a ruling. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

The State acknowledges the attorneys and court mistakenly believed an unauthorized entry into a residence with the intent to violate a no-contact order could support a burglary conviction. The State argues counsel was not ineffective, however, because a factual basis exists in the record before the district court at the time of the plea hearing. *See id. at* 62 (stating the entire record before the district court may be examined to determine a factual basis); *Ortiz*, 789 N.W.2d at 768 (noting a factual basis for a guilty plea "can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence"). It claims Preston's intent to assault Wingert can be inferred from his actions. *See State v. Lambert*, 612 N.W.2d 810, 813 (Iowa 2000) (noting intent may be derived from a defendant's acts before or after the unauthorized entry, as well as the attendant circumstances).

The record before the district court at the plea hearing is sufficient to show Preston entered the residence with the intent to assault Wingert. It shows the following: there was a no-contact order preventing Preston from contacting

---

[1] The State invites us to overrule the line of cases holding prejudice is inherent where counsel allows a defendant to plead guilty where a factual basis does not exist for a charge. Our supreme court transferred this appeal to our court, and we therefore decline to accept its invitation. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) (noting we are not at liberty to overturn supreme court precedent).

Wingert because Preston had assaulted her on a prior occasion. In violation of that order, Preston went to Wingert's residence at night and broke down her door to gain entrance, even though the door had been secured with a deadbolt and a chair propped under the handle. Preston then forced his way into the bedroom Wingert had barricaded herself in and assaulted her. Although Preston denied he intended to assault Wingert when he entered her residence, his actions evidence his intent to assault her. *See State v. Finnel*, 515 N.W.2d 41, 42-43 (Iowa 1994) (inferring an intent to commit an assault where the defendant kicked down the victim's door at night, in violation of a no-contact order protecting the victim due to the defendant's prior threats of violence, and assaulted the victim). Because a factual basis for Preston's plea is evident in the record, we find counsel was not ineffective in allowing Preston to plead guilty.

Preston also claims counsel was ineffective in allowing him to enter a guilty plea that was not knowing or intelligent due to the court's failure to inform him of the nature of the charge. Assuming counsel breached an essential duty by allowing Preston to plead guilty to the reduced charge of third-degree burglary, Preston must show he would have elected instead to stand trial on the charge of first-degree burglary as an habitual offender had he been adequately apprised of the intent-to-assault element of burglary. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009) (noting an applicant must prove "that but for counsel's breach of duty," the applicant "would not have pled guilty and would have elected instead to stand trial"). Because the present record is insufficient to

allow a determination on the prejudice prong, we preserve this claim for possible postconviction-relief proceedings and affirm.

**AFFIRMED.**