## IN THE COURT OF APPEALS OF IOWA

No. 14-1381
Filed October 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LEROY DEPRAE JOHNSON,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Leroy Johnson appeals the district court's denial of Johnson's motion to correct an illegal sentence. **AFFIRMED.**

Unes J. Booth of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Linda Fangman, County Attorney, and James J. Katcher, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Leroy Johnson appeals the district court's denial of Johnson's motion to correct an illegal sentence, asserting it erred when denying his claims. He further argues the district court violated his constitutional right to be present at the hearing on the motion and counsel was ineffective for failing to present all of Johnson's pro se arguments before the district court. We conclude the court properly denied Johnson's motion, and Johnson did not have a constitutional right to be present at the hearing. Additionally, counsel was not ineffective for failing to present Johnson's meritless pro se claims. Consequently, we affirm the order of the district court.

**I. Factual and Procedural Background**

On December 18, 2003, following a bench trial, the court found Johnson guilty of robbery in the first degree, in violation of Iowa Code sections 711.1 and 711.2 (2003); burglary in the first degree, in violation of Iowa Code sections 713.1 and 713.3(b) and (c); willful injury, in violation of Iowa Code section 708.4(2); and criminal mischief in the fourth degree, in violation of Iowa Code sections 716.1 and 716.6. In its findings of fact, the court stated that on January 19, 2003, Johnson went to the home of Wendell and Edith Ottmann and, on the pretense of using their phone, asked if he could come into the house. Then:

> After asking for and getting a drink of water, Johnson told Wendell "give me all your money." Johnson admits that the "stick" was then in his hand. Wendell stated he didn't have money. Johnson then hit Wendell over the head. Wendell fell to the floor. Johnson then went down the stairs into the basement looking for Edith. As she saw him and attempted to flee, he hit her in the head "once or twice." Johnson claims that he did not want to hurt either Wendell or Edith but struck them to force their cooperation.

Edith went into the garage and started her car, intending to leave to seek help. As she backed out of the garage, Johnson broke the driver's-side window with a rock and attempted to reach into the car to turn off the ignition. Although Johnson was able to hold onto the car for awhile, when the vehicle began moving forward and turning, he was thrown off. Johnson then went to the basement, took Edith's wallet from her purse and left through the garage.

During sentencing, the court merged the robbery and willful-injury convictions. Johnson appealed the conviction and sentence, which was dismissed as frivolous. Johnson filed an application for postconviction relief in 2005, which our court denied. *See Johnson v. State*, No. 13-1015, 2014 WL 1999171, at *1 (Iowa Ct. App. May 14, 2014).

On May 13, 2014, Johnson filed a pro se motion alleging the trial court had imposed an illegal sentence. Counsel was appointed, and a hearing on the matter was held, in which counsel represented Johnson but Johnson did not personally appear. The district court denied Johnson's motion, holding his assertions did not amount to a claim of an illegal sentence because Johnson only asserted the trial court should have set forth the particular, individualized reasoning for Johnson's sentence and he should not have received consecutive sentences. Johnson appeals the district court's dismissal of his motion.

**II. Standard of Review**

To the extent we are addressing constitutional issues, including ineffective-assistance-of-counsel claims, our review is de novo. *State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014). A ruling on a motion to correct an illegal sentence is reviewed for correction of errors at law. *Id.*

**III. Illegal Sentence**

Johnson first claims the district court improperly denied his motion to correct an illegal sentence. He argues the sentencing court did not properly consider his mental illness and the fact he is a chronic substance abuser, and should have stated its reasoning as to why it imposed consecutive sentences. He also asserts the court should have addressed his pro se claims of merger and the alleged Eighth Amendment violation.

We agree with the district court Johnson failed to establish his sentence was illegal. A sentence is illegal if the court lacked the power to impose the sentence or the sentence is legally flawed, that is, if it fails to comply with applicable statutes or is unconstitutional. *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009). Neither applies here. While Johnson offers a vague merger argument, this doctrine does not apply to the crimes for which he was convicted—robbery, burglary, and criminal mischief—given they each have distinct elements. *Compare* Iowa Code § 711.1, *with id.* § 713.1, *and id.* § 716.1. S*ee also State v. Lambert*, 612 N.W.2d 810, 815 (Iowa 2000) (noting the test for whether two crimes should merge is whether the crimes have the same elements). Moreover, Johnson's sentence did not constitute cruel and unusual punishment pursuant to the Eighth Amendment because his sentence was proportional to his crimes. *See State v. Oliver*, 812 N.W.2d 636, 640 (Iowa 2012) (stating the Eighth Amendment prohibits sentences that are disproportional to the crime committed).

With regard to Johnson's other claims—namely, that the sentencing court did not consider certain factors and should not have imposed consecutive

sentences—they cannot now be addressed. These claims are procedural in nature, and Johnson cannot raise these alleged errors through a challenge to an illegal sentence. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Consequently, we decline to address the merits of his arguments.

## IV. Right to Counsel

Johnson further claims he had a right to effective representation at the hearing, and the district court should have allowed Johnson to appear personally. However, Johnson had no right to counsel, given this was not a "critical stage[] of the criminal process." *See State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006). Rather, this was a collateral appeal on a conviction that has long since been final, which does not require the presence of counsel. *See Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988). Consequently, Johnson's claim is without merit.

Furthermore, counsel was not ineffective for failing to seek a continuance so Johnson could present his other pro se arguments. Though Johnson asserts this was a structural error, which would mean no prejudice need be established regarding counsel's error, we do not agree. The three instances when a structural error occurs is when counsel is completely denied at a crucial stage in the proceedings, adversarial testing of the prosecution's case did not occur, or surrounding circumstances justify a presumption of ineffectiveness. *Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). None of these factors are present in Johnson's case; consequently, no structural error occurred. *See id.*

For these reasons, we affirm the order of the district court.

**AFFIRMED.**