# IN THE COURT OF APPEALS OF IOWA

No. 16-1519
Filed June 21, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KERRY B. MORGAN JR.,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

A defendant appeals his convictions for first-degree burglary and domestic abuse assault. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Kerry Morgan Jr. appeals his convictions for first-degree burglary and domestic abuse assault—strangulation with injury. We find there is substantial evidence to support the convictions and affirm.

## I.      Background Facts & Proceedings

Morgan and G.T. were previously in a relationship and were the parents of a child.  They did not live together.  G.T. lived in a two-story house with her friend, Allison Wuerzberger, and Allison's mother, Debbie.

On February 20, 2016, at about 5:20 a.m., Allison and Debbie were awakened when they heard G.T. screaming.  Debbie, who had the bedroom below G.T.'s, stated she heard G.T. yelling, "Kerry, stop, Kerry, stop.  If you leave now, nobody is going to call the police, just leave.  You're hurting me."  Debbie heard Morgan say, "If I had my gun, you would be dead right now."  Allison peeked into G.T.'s bedroom and saw Morgan standing close to G.T.  There was another man in the room, who seemed in a hurry to leave.  After Allison closed the door, she heard "four thuds, which sounded like fists being—like someone was being hit."  Allison called 911.  While talking to the dispatcher, she noticed the glass window in the front door was broken.  Allison testified that as she was talking to the dispatcher, Morgan came downstairs, offered her $100 to fix the broken door—which she refused, then he went back  to G.T.'s room.

Police officers arrived shortly thereafter, and Allison let them into the house.  When they entered G.T.'s bedroom, they saw Morgan standing close to G.T., who was nude, crying, and hysterical.  They observed G.T. "had a lot of redness all over her body, on her face, neck, arms, stomach, and her breast.

She also had an abrasion to her left breast, her right eye, and both arms." G.T. told the officers Morgan punched her multiple times, choked her with his hands so her breathing was not normal, and put his fingers in her vagina. G.T. made similar statements to an emergency medical technician. Debbie later found a crowbar outside the home.

Morgan told officers he was upset because he discovered G.T. was having sex with another man. He stated he yelled and screamed at G.T. and she was scared of him. He admitted he threatened to kill G.T. but stated he did not mean it. Morgan stated he believed G.T. was engaged in sex work and advertising her services online and he was frustrated because she had not responded to his calls or texts for two weeks. Morgan also stated he believed G.T. was buying drugs with money he gave her for other purposes.

Morgan was charged with burglary in the first degree, in violation of Iowa Code section 713.3(2) (2016), and domestic abuse assault—strangulation with injury, in violation of section 708.2A(5). At Morgan's criminal trial, G.T. testified she made plans with Morgan for him to visit her on the night of February 20, 2016, but when he did not show up by 2:00 a.m., she asked another man, Justin,[1] to come over. G.T. stated she had sexual relations with Justin and he caused the red marks on her body. She testified Justin was in her room when Morgan showed up and, despite this, she let Morgan into the house. She stated Morgan yelled at her and pushed her into a chair but did not hit or strangle her.

---

[1] G.T. testified she did not know Justin's last name. At the time of the incident, she told officers the other man in her room was named Chris and she did not know his last name.

G.T. stated Justin broke the door on his way out of the house. G.T. testified she was not in her right mind at the time because she was high on heroin.

Morgan waived his right to a jury and the case was tried to the court. The district court found:

> The Court finds none of the testimony provided by [G.T.] at trial to be credible. The statements provided to the officers at the time of the incident as first responders and the fact that she was so excited in her responses allows the Court to determine that the statements made on the date of the incident were much more credible than those provided in the courtroom on the day of trial. Thus, the Court makes no credible finding of fact as it relates to the testimony of [G.T.] as it relates to recanting her statements as to the assault which occurred on February 20, 2016.

The court found Morgan guilty of first-degree burglary and domestic abuse assault—strangulation with injury.

Morgan was sentenced to a term of imprisonment not to exceed twenty-five years on the burglary charge and five years on the domestic abuse assault charge, to be served concurrently. Morgan appeals his convictions, claiming there is not substantial evidence in the record to support them.

## II. Standard of Review

A challenge to the sufficiency of the evidence is reviewed for the correction of errors at law. *State v. Alvarado*, 875 N.W.2d 713, 715 (Iowa 2016). "[W]e review the evidence in the light most favorable to the State to determine if, when considered as a whole, a reasonable person could find guilt beyond a reasonable doubt." *Id.* (citation omitted).

## III. Sufficiency of the Evidence

**A.** Morgan claims there is insufficient evidence in the record to show he committed domestic abuse assault—strangulation with injury. He notes that

during the criminal trial, G.T. stated he pushed her into a chair but did not physically assault her. G.T. testified Morgan did not punch, kick, bite, or choke her or threaten her with physical harm. He claims the district court should have found G.T.'s testimony at trial credible, rather than her statements at the time of the incident, because she testified she was not in her right mind then due to drug use.

The credibility of witnesses was for the district court, as the fact finder, to decide. *See State v. Lopez*, 633 N.W.2d 774, 785-86 (Iowa 2001). "[W]hen the evidence is in conflict, the fact finder may resolve those conflicts in accordance with its own views as to the credibility of the witnesses." *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998). The fact finder is "free to reject certain evidence, and credit other evidence." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

The district court found G.T.'s testimony during the criminal trial was not credible, finding her excited utterances to officers at the time of the incident were more reliable. On the night of the incident, G.T. told Officer Pershall she was assaulted by Morgan, which caused pain. G.T. stated "she was being choked by bare hands and she said it was—it made her breathing not normal." The court also relied on a photo of G.T.'s neck injuries, which it found indicated pressure to her neck area. Morgan does not dispute he and G.T. were the parents of a child, and thus, in a domestic relationship. *See* Iowa Code § 236.2(2)(c). We conclude there is substantial evidence in the record to support Morgan's conviction for domestic abuse assault—strangulation with injury.

**B.** On the charge of first-degree burglary, Morgan claims there is insufficient evidence to show he entered the residence with the intent to commit

an assault. He states he did not know there was another man with G.T. until he entered her bedroom and then he and G.T. got into an argument.

The offense of burglary requires the specific intent to "commit a felony, assault, or theft" in an occupied structure. Iowa Code § 713.1. "In order to sustain a conviction for burglary the State must prove, beyond a reasonable doubt, [a defendant] had formed the intent to commit an assault at the time of entry." *State v. Lambert*, 612 N.W.2d 810, 813 (Iowa 2000). A defendant's "intent is seldom proved by direct evidence, but rather is usually established by inference." *State v. Taylor*, 689 N.W.2d 116, 129 (Iowa 2004). "A factfinder may infer an intent to commit an assault from the circumstances of the defendant's entry into the premises and his acts preceding and following the entry." *State v. Finnel*, 515 N.W.2d 41, 42 (Iowa 1994).

Morgan made statements to officers showing he was frustrated with G.T. prior to going to her home. He stated he believed she was engaging in sex work and advertising her services online. He was also upset because she had not answered his calls or texts for two weeks. The evidence showed a forcible entry into the home due to the broken glass in the door and the crowbar found nearby. Once inside the home, Morgan assaulted G.T. by hitting her and choking her. He admitted to officers he threatened to kill her. From the evidence presented in this case, the fact finder could infer Morgan entered the residence with the intent to commit an assault. We conclude there is sufficient evidence in the record to support Morgan's conviction for first-degree burglary.

We affirm Morgan's convictions for first-degree burglary and domestic abuse assault—strangulation with injury.

**AFFIRMED.**