# IN THE COURT OF APPEALS OF IOWA

No. 17-0470
Filed April 4, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTAVIEON JACKSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M.

Lekar, Judge.

A defendant appeals his convictions for willful injury causing serious injury

and domestic abuse assault. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Antavieon Jackson appeals his convictions for willful injury causing serious injury, in violation of Iowa Code section 708.4(1) (2015), and domestic abuse assault causing bodily injury, in violation of section 708.2A(2)(b). On appeal, Jackson argues there was insufficient evidence to support his convictions.

## I.    Background Facts and Proceedings.

Jackson and the complaining witness met on Facebook in July 2015 and began a romantic relationship. Jackson was twenty-six; the complaining witness turned eighteen in December 2015. Shortly after the complaining witness's birthday, Jackson moved into the house where she lives with her mother. The complaining witness testified to ongoing domestic violence from that point forward. She testified Jackson became more aggressive around April 2016; Jackson would regularly slap her, stomp on her hands and feet, punch her, push her around, and pull her hair.

The complaining witness testified Jackson assaulted her from midnight until four or five in the morning on May 11, 2016. Later that morning, the complaining witness and Jackson visited a Walmart, where she passed out. An ambulance was called. A paramedic testified the complaining witness was uncooperative and denied any domestic violence, stating her injuries were from being "jumped" by a group of girls. After returning home, the complaining witness passed out again. The complaining witness and Jackson walked to a park, where she passed out a third time. Jackson called an ambulance, and the complaining witness was transported to the hospital.

At the hospital, the complaining witness was observed overnight for possible internal bleeding. She was treated for a lacerated spleen and liver, broken ribs, a broken eye socket, and a broken nose. Photographs taken at the hospital show her with two black eyes and extensive bruising on her body.

When the complaining witness returned home, she testified Jackson resumed assaulting her within an hour. She was hospitalized a second time on May 16 when she began having seizures. The complaining witness testified Jackson called her at the hospital, accused her of infidelity, and said he would beat her again when she returned home.

After that call, the complaining witness told hospital staff Jackson had assaulted her. She asked to speak with the police, and when she was released from the hospital, she reported the incident to the Waterloo Police Department.

In June 2016, the State charged Jackson with willful injury causing serious injury and domestic abuse assault. Jackson was convicted after a bench trial held in September.

Jackson appeals.

## II.    Standard of Review.

"Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law." *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002). The court views the evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. *Id.* All evidence is considered, not just that of an inculpatory nature. *Id.* "[W]e will uphold a verdict if substantial record evidence supports it." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) (citation omitted). Evidence is considered substantial if, when viewed

in the light most favorable to the State, it can convince a rational factfinder the defendant is guilty beyond a reasonable doubt. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "Evidence that only raises suspicion, speculation or conjecture is not substantial." *State v. Lambert*, 612 N.W.2d 810, 813 (Iowa 2000).

### III. Discussion.

Jackson argues the testimony of a witness may be so impossible, absurd, and self-contradictory it should be deemed a nullity by the court. *See Graham v. Chicago & Northwestern Ry. Co.*, 119 N.W. 708, 711 (1909); *State v. Smith*, 508 N.W.2d 101, 103 (Iowa Ct. App.1993). Jackson argues the complaining witness's testimony is self-contradictory because she did not initially accuse him and gave other explanations for her injuries. Jackson argues without the complaining witness's contradictory testimony, insufficient evidence was presented at trial to uphold his conviction.

Credibility determinations are typically made by the trier of fact. *State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000). The court is the fact finder in a bench trial. *State v. Sinclair*, 622 N.W.2d 772, 778 (Iowa Ct. App. 2000). A trial court's findings in a jury-waived case are reviewed like a jury verdict and are affirmed if supported by substantial evidence. *Weaver*, 608 N.W.2d at 804.

> Generally, weighing the evidence and assessing the credibility of witnesses are duties for the jury. There is a limitation to this rule where a witness's testimony can be deemed null if it is impossible, absurd, and self-contradictory. The limitation does not apply when other competent evidence corroborates, or provides a reason, for the witness's changed testimony. In such a case, the jury is given a "full opportunity to judge the credibility of the witness and ascertain the veracity or falsity of her testimony or any part thereof." In the face of such conflicting testimony, the jury is free to believe or disbelieve any or all of a witness's account.

*State v. Bohnenkamp*, No-09-1041, 2010 WL 3155224, at \*4 (Iowa Ct. App. Aug. 11, 2010) (citations omitted); *State v. Howell*, 557 N.W.2d 908, 914 (Iowa Ct. App. 1996). Here, the complaining witness's testimony is not so self-contradictory as to be deemed a nullity because the witness provided a reason for her changed testimony and competent evidence corroborated her trial testimony.

The complaining witness testified at trial she had initially denied Jackson caused her injuries because she wanted to maintain their relationship and because she was trying to protect him. The complaining witness's testimony that Jackson assaulted her is corroborated by her mother, her friend, the testimony of medical professionals, and the nature of her injuries.

The complaining witness's mother testified she started observing bruises on her daughter as early as February. The complaining witness's mother testified she saw hand-like bruises, which would be inconsistent with getting "jumped," the complaining witness's explanation of her injuries to her mother. The mother testified she often heard the couple roughhousing.

Shyann Epps, a friend of the complaining witness, testified to witnessing Jackson assault the complaining witness in December 2015. She testified Jackson hit the complaining witness's face multiple times while Epps was driving. When Epps instructed Jackson to stop, she testified Jackson stated, "I can hit her if I want to" and continued to hit the complaining witness.

The complaining witness's injuries corroborate her testimony. The paramedic testified her bruises were consistent with assault. The paramedic noted the complaining witness's injuries were not consistent with her story of getting jumped a few days prior to May 11: her injuries appeared to have occurred over a

series of days, and she had fresh injuries between the first and second time the paramedics were called. Jackson told the paramedic the complaining witness's injuries were from falling face-first onto concrete, but the paramedic testified her injuries were inconsistent with a fall. Dr. Paul Burgett, who treated the complaining witness, testified her injuries did not appear to have happened all at once but over a period of days to a week. He noted she had rib fractures that had begun to heel, a process that takes a number of weeks.

The complaining witness's testimony is supported by competent evidence, and she provides a reason for her changed testimony. Because her testimony is not so contradictory as to be deemed a nullity, we defer to the credibility determinations of the district court. *See Weaver*, 608 N.W.2d at 804. The complaining witness's testimony is sufficient to support Jackson's convictions for willful injury causing serious injury and domestic abuse assault.

**AFFIRMED.**