# IN THE COURT OF APPEALS OF IOWA

No. 17-1087
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JERRY DARNELL MOSLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clay County, Carl J. Peterson,

Judge.

        Jerry Mosley appeals his convictions and sentence for first-degree burglary

and assault causing bodily injury following a jury trial.  **CONVICTION AFFIRMED,**

**SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Vaitheswaran, P.J., Potterfield, J., and Blane, S.J.[*]

_____

[*] Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VAITHESWARAN, Presiding Judge.**

Jerry Mosley appeals his judgment and sentence for first-degree burglary and assault causing bodily injury. He contends (1) the record lacks sufficient evidence to support the jury's finding of guilt on the first-degree burglary charge, (2) his trial attorney was ineffective in failing to object to certain testimony as being outside the scope of the minutes of testimony, (3) the district court should have merged the assault causing bodily injury conviction with the first-degree burglary conviction, and (4) the district court failed to assess his reasonable ability to pay restitution.

## I. Sufficiency of the Evidence – First-Degree Burglary

The jury was instructed the State would have to prove the following elements of first-degree burglary:

> 1. On or about the 6th day of June, 2016, the defendant entered the residence of [a woman].
> 2. The residence was an occupied structure as defined in Instruction No. 26.
> 3. One or more persons were present in the occupied structure.
> 4. The defendant did not have permission or authority to enter the residence or defendant did not have permission and authority to remain in the residence or defendant's authority to remain had ended.
> 5. The residence was not open to the public.
> 6. The defendant did so with the specific intent to commit an assault.
> 7. During the burglary, the defendant did intentionally or recklessly inflict bodily injury on [the woman].

Mosley challenges the sufficiency of the evidence supporting the fourth element. Our review is for substantial evidence. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

A jury could have found the following facts. Mosley had an affair with a woman. According to the woman, the relationship ended in late 2015 but, three months later, "just kind of picked right up where it left off." After several months, the woman accused Mosley of seeing other women. The couple engaged in a spirited text-message exchange, which culminated in a second break-up.

The same day, Mosley entered the woman's duplex. The woman testified she was confused to see Mosley there because they had just agreed they "weren't going to be talking anymore." Mosley ran up the stairs, grabbed the woman, and pushed her against a wall, leaving a "body print" on the wall. He hit her in the face "multiple times," causing bleeding and scarring. The woman screamed to stop and screamed to a child to call 911. The woman subsequently called 911.

The woman testified she "didn't give [Mosley] permission to come over." She stated he had permission to come to her home "[d]uring the relationship" but that permission ended when they agreed to go their "own separate ways." After Mosley began assaulting her, she wanted "him to leave." Although she did not expressly tell him to leave, she "kick[ed] at him to get him off" her. She also noted he never had keys to the duplex.

A reasonable juror could have found that Mosley lacked permission to enter the woman's home by virtue of the severance of their relationship earlier in the day. A reasonable juror also could have found that Mosley lacked authority to remain in the duplex after he entered. *See State v. Walker*, 600 N.W.2d 606, 609 (Iowa 1999).

In *Walker*, the court addressed the identical issue raised here: "whether a defendant may be convicted of committing burglary by remaining on the premises

after his privilege to be there has been revoked where the victim testifies that she did not expressly ask the defendant to leave." *Id.* at 607. The court concluded:

> [A] victim need not expressly revoke his or her consent to the defendant's presence; it is sufficient that the victim's actions give the defendant reason to know that such consent has been withdrawn. If the defendant remains on the premises after having reason to know he has no right to do so, he has "remained over" and, if, during the time he unlawfully remains on the premises, he forms the requisite intent to commit a felony, assault or theft, the defendant has committed a burglary.

*Id.* at 609. We are not at liberty to overrule this authority, as Mosley requests. Substantial evidence supports the fourth element of the jury instruction and the jury's finding of guilt on the first-degree burglary charge.

## II. Ineffective Assistance – Scope of Minutes of Testimony

The State elicited testimony from a child in the home. The child stated Mosley "threatened to burn down the house and kill everybody who was in it, including [the woman] and her kids and me and my brother." Mosley claims the testimony exceeded the scope of the minutes of testimony and his trial attorney was ineffective in failing to object to the testimony on this ground. To prevail, Mosley must show (1) deficient performance and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Iowa Supreme Court recently discussed precedent on pretrial disclosures in criminal cases. *See State v. Shorter*, 893 N.W.2d 65, 79–81 (Iowa 2017). The court stated, "[T]he question of the scope of proper disclosure by the prosecution of minutes of evidence prior to trial has been hotly contested." *Id.* at 81. The court characterized the advent of Iowa Rule of Criminal Procedure 2.5(3) governing the scope of minutes as an effort to "promote greater disclosure." *Id.*

Addressing whether the State was obligated to disclose that a witness would make an eyewitness identification of the defendant, the court stated, "Ordinarily, we think it incumbent upon the State to disclose in the minutes of testimony if a witness will identify a defendant as engaging in criminal conduct." *Id.* at 82. The court found the record "not entirely clear" on what defense counsel knew and found "no clear picture regarding prejudice to the defendant." *Id.* The court concluded, "Because of the factual uncertainties surrounding the claimed ineffective assistance of counsel arising out of the deficient minutes, we conclude that this claim cannot be resolved on direct appeal and should be addressed in an action for postconviction relief." *Id.* at 83.

Here, both sides agree the record may be inadequate to address the issue. With this concession in mind and with the benefit of *Shorter*, we preserve the claim for postconviction-relief proceedings.

### III. Illegal Sentence – Merger

Mosley contends the district court should have merged his assault causing bodily injury conviction with his first-degree-burglary conviction. *See* Iowa Code § 701.9 (2016) ("No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted."); *see also* Iowa R. Crim. P. 2.6(2) ("Upon prosecution for a public offense, the defendant may be convicted of either the public offense charges or an included offense, but not both."); *State v. Peck*, 539 N.W.2d 170, 175 (Iowa 1995) ("We conclude that it would be impossible to commit first-degree burglary by 'intentionally or recklessly' injuring another without also committing assault or assault causing injury because all of these crimes involve general intent."). The

State counters that merger was not warranted because there was sufficient evidence "to establish a break in the action and support at least two separate assaults." But as Mosley accurately points out, "The instructions submitted did not ask the jury to engage in the fact-finding necessary to support separate acts of assault." *Cf. State v. Lambert*, 612 N.W.2d 810, 816 (Iowa 2000) (rejecting the State's argument that merger of offenses did not occur because "no special interrogatories were submitted and we therefore have no way of knowing the alternative upon which the jury based its decision").

We conclude the assault causing bodily injury conviction merged with the first-degree burglary conviction. We vacate the sentence and remand for merger. *See id.*

## IV. *Restitution of Attorney Fees and Court Costs*

The district court ordered Mosley to make restitution for court costs and attorney fees. Mosley asserts, "The district court failed to consider [his] reasonable ability to pay the cost of his legal assistance prior to the order entering judgment for reimbursement of the court-appointed attorney fees." The State counters that the challenge is "premature because neither court costs nor attorneys' fees have actually been imposed in judgment against the defendant, as there is no plan of restitution on file." We agree with the State. *See State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999) (stating until a plan of restitution[1] is completed, "the court is not required to give consideration to the defendant's ability to pay"); *State v.*

---

[1] A "plan of restitution" "sets out the amounts and kind of restitution in accordance with the priorities established in section 910.2." *State v. Kurtz*, 878 N.W.2d 469, 471 (Iowa Ct. App. 2016).

*Swartz*, 601 N.W.2d 348, 354 (Iowa 1999) (same).  Mosley's restitution concerns are premature.

We affirm Mosley's conviction for first-degree burglary.  We preserve for postconviction relief his ineffective-assistance claim grounded on testimony arguably beyond the scope of the minutes.  We vacate his sentence and remand for merger of the assault conviction with the burglary conviction.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**