**IN THE COURT OF APPEALS OF IOWA**

No. 22-1635
Filed November 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD J. MOELLER, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


        The defendant appeals his conviction for second-degree burglary, claiming

the evidence is insufficient. **AFFIRMED.**


        Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines,

for appellant.

        Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney

General, for appellee.


        Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**GREER, Presiding Judge.**

Chad Moeller appeals his conviction for second-degree burglary, in violation of Iowa Code section 713.5 (2022), a class "C" felony, asserting that the State failed to prove he had the specific intent to commit an assault at the time he entered his sister's home to retrieve his property. Because we find that Moeller's actions of forcing the door to the home off its hinges while it was locked and deadbolted and then throwing the door into the home before entering provided sufficient evidence for the jury to conclude that he intended to commit an assault once inside, we affirm.

## I. Background Facts and Prior Proceedings.

In January 2022, Moeller went to his sister's home to collect some of his belongings including two laundry baskets of clothes and a small television set. Although Moeller had stayed there "off and on," he did not live at the home, and Moeller was not permitted to go into the home because he and his sister were not "on the best terms." His sister had also told him that she did not want him there. Recognizing he still had some items at the home, Moeller's sister collected them and placed them in the trunk of her car, outside of the home. After Moeller arrived, his sister's boyfriend went outside and gave Moeller the items. Moeller's sister locked and deadbolted the side door to the house after her boyfriend came back inside.

While still outside the home, and after Moeller had his belongings back, Moeller began banging on the locked side door and screaming. He also threatened his sister. After some time, Moeller kicked the door off its hinges, barged into the kitchen, and began throwing items at his sister: the door, a

Christmas tree box, a playset, a garbage can, and a patio chair. He also spat on her. The patio chair left a hole in the kitchen wall. Moeller's sister, the sister's boyfriend, and four children were home at the time. After Moeller's sister called 911, law enforcement responded, came into the home, and described it as "trashed." They also observed damage to the doorframe, door, and kitchen wall. Moeller stated that his mail was inside the home and he was attempting to collect it, but law enforcement did not find any of Moeller's items inside.

Moeller was charged via trial information with second-degree burglary as an habitual offender in February 2022.[1]  *See* Iowa Code §§ 713.1, 713.5, 902.8, 902.9. In June, Moeller pled not guilty, and the case proceeded to trial in August. At trial, the State introduced photographic and video evidence of the January event. First, it played Moeller's sister's 911 calls, in which she can be heard crying and Moeller is yelling at her. The State also played body camera footage from law enforcement in which Moeller said, "All I wanted was my stuff out of the car" as he walked toward the car and that "she was supposed to give me mail—my mail." Then, the State presented photographs of the door lying in the kitchen ripped from the doorframe and of damage to the doorframe, kitchen walls, and kitchen floor. The photographs also showed the damage done to the deadbolt and that the lock on the door was still locked, even after the door was kicked off its hinges.

The jury was instructed that the State was required to show all the following beyond a reasonable doubt to prove second-degree burglary:

---

[1] Moeller had two previous felony convictions for which the jury found Moeller was the defendant: Scott County cases FECR314308 and FECR376969. The jury deliberated for ten minutes before finding that Moeller was in fact the defendant in both of these cases.

    1. On or about the 18th day of January, 2022, [Moeller] broke into [his sister's home].

    2. [The home] was an occupied structure . . . .

    3. [Moeller] did not have permission or authority to break into [the home].

    4. [The home] was not open to the public.

    5. [Moeller] did so with the specific intent to commit an assault.

    6. During the incident, one or more persons were present in or upon the occupied structure.

Adding detail to this marshalling instruction, the jury was instructed that "[a]n assault is committed when a person does an act which is meant to cause pain or injury, result in physical contact which will be insulting or offensive, or place another person in fear of immediate physical contact which will be painful, injurious, insulting or offensive to another person . . . ." And the jury was instructed that they "should consider the facts and circumstances surrounding the act to determine the defendant's specific intent."

After deliberating for half an hour, the jury returned a verdict of guilty as charged and, in September 2022, the district court sentenced Moeller to a sentence of fifteen years. Moeller now appeals.

## II.    Standard of Review.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). We uphold the jury's verdict if substantial evidence supports it; "[s]ubstantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* "[W]e view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted). But

evidence that does no more than raise suspicion, speculation, or conjecture is insufficient. *State v. West Vangen*, 975 N.W.2d 344, 349 (Iowa 2022).

## III. Analysis.

Here, Moeller challenges the evidence supporting the fifth element of the jury instruction: that Moeller entered his sister's home with the specific intent to commit an assault. Zooming in, his main argument is the State only showed his intent was to enter the property to retrieve his property and that "at the time of entry" there was no evidence of an intent to commit an assault. *See State v. Lambert*, 612 N.W.2d 810, 813 (Iowa 2000) (noting that to sustain a conviction for burglary, the State must prove an intent by the defendant to commit an assault at the time of entry). On this point, we acknowledge that the element of intent in burglary is seldom susceptible to proof by direct evidence. *State v. Sinclair*, 622 N.W.2d 772, 780 (Iowa Ct. App. 2000). But the jury may infer an intent to commit an assault from the circumstances of the defendant's attempted entry into the premises and his acts preceding and following. *State v. Finnel*, 515 N.W.2d 41, 42 (Iowa 1994) (finding the defendant's mode of entry and knowledge he was not welcome in his ex-girlfriend's residence, combined with threats and assaultive actions once inside, was substantial evidence of an intent to commit an assault). The requirement of proof beyond a reasonable doubt is satisfied if it is more likely than not that the inference of intent is valid under the facts of the case. *Lambert*, 612 N.W.2d at 813–14. More specifically, a defendant's irate and hostile actions preceding an attempted entry into a home may be evidence of an intent to commit an assault. *See State v. Taylor*, 689 N.W.2d 116, 133 (Iowa 2004). Threats of imminent bodily harm or death may also constitute evidence of an intent to commit

an assault. *Lambert*, 612 N.W.2d at 814; *Finnel*, 515 N.W.2d at 43. And, entry into someone else's home to retrieve property is not a defense to a burglary charge. *See State v. Miller,* 622 N.W.2d 782, 785–86 (Iowa Ct. App. 2000).

In this instance, we find that there was sufficient evidence from the circumstances surrounding Moeller's forced entry into the home for the jury to conclude that he intended to commit an assault once inside. Moeller did not live at the home and did not have permission to enter the home. Yet, Moeller threatened his sister, kicked her door off its hinges while it was still locked and deadbolted shut, threw it into the kitchen towards his sister, and then proceeded to trash the kitchen and spit on her. He did so after his sister's boyfriend had already returned Moeller's items. Furthermore, the jury could have found that Moeller's claimed reason for breaking into the home in this forceful manner—that he was looking for his mail—was not credible nor a valid defense, thereby suggesting he had a different reason for forcing entry into the home than the one he provided. This inference is in line with the evidence that once law enforcement arrived, Moeller reported that he was getting his things "out of the car," implying that he was aware that he did not have any belongings inside of his sister's home And again, after forcing his way into the home, Moeller threw a patio chair, a playset, a garbage can, and a Christmas tree box. These actions constitute substantial evidence of Moeller's intent to place his sister in fear of contact that was painful and offensive simultaneous to his entry.

## IV. Conclusion.

Because we find that Moeller's actions of threatening his sister while forcing the door to the home off its hinges and then immediately throwing items toward his

sister constituted substantial evidence that he intended to commit an assault at the time he entered the home, we affirm Moeller's conviction for second-degree burglary.

**AFFIRMED.**